THE STATE OF FLORIDA ex rel., THE BANK OF AMERICA, a Corporation As Trustee, *Relator*, v. M. G. ROWE, Circuit Judge, *Respondent*.

En Banc.

Opinion filed July 19, 1928.

*Milam, McIlvaine & Milam,* for Relator.

*M. G. Rowe, in pro per.*

WHITFIELD, J.—A petition for a writ of prohibition was presented to this Court alleging in effect that the petitioner, The Bank of America, a corporation, as trustee, is complainant in a chancery cause brought for the foreclosure of a mortgage wherein The Clarendon Hotel Company, a corporation, Elmer L. Kincaid and W. P. Bloodworth as trustee are defendants; that M. G. Rowe is the judge of the court; that on June 8, 1928, the relator made and filed with the respondent, M. G. Rowe, judge, certain affidavits and certificate pursuant to the provisions of Chapter 9276, Laws of Florida. The essential substance of the affidavits will be here stated, viz: "Before me, the undersigned authority, personally appeared E. T. McIlvaine, who being first duly sworn, says: That he is solicitor for The Bank of America, a corporation, as trustee, the party complainant in the above styled cause. Affiant further states that the deponent and the complainant, The Bank of America, a corporation, as trustee, fear that the complainant will not receive a fair trial in the Circuit Court of Volusia County, Florida, where said suit is pending on account of the prejudice of the Honorable M. G. Rowe, judge of said court, against the said complainant, and in favor of the

defendants in said cause. Affiant further states as facts and reasons for the belief that the aforesaid bias and prejudice of the said judge exists,'' the following which is the essential substance of the affidavit: That a final decree of foreclosure was rendered in said cause and the property was advertised for sale for Monday, December 5, 1927, and that on Saturday, December 3, 1927, the defendants, Clarendon Hotel Company, and Elmer L. Kincaid, conspiring and conniving with certain creditors to avoid said sale, accomplished the filing of an involuntary petition of bankruptcy against the Clarendon Hotel Company in the United States District Court wherein the judge of said court issued a stay order, staying the sale as advertised; that in due course the complainant accomplished the dissolution of said stay order and again advertised the property for sale on February 6, 1928, ''and following certain statements made by the attorney for the defendant, Elmer L. Kincaid, one of the defendants, hereinafter set forth, the attorneys for complainant, addressed and mailed to Judge M. G. Rowe, judge of the aforesaid court, a letter, viz:

''December 31, 1927.

''Judge M. G. Rowe,
''Daytona Beach
''Florida
''My Dear Judge:

''This firm represents the complainant in a mortgage foreclosure suit on the Clarendon Hotel. The property was to be sold on December Rule Day but on the Saturday before the sale on Monday, a petition in bankruptcy against the Hotel Company was filed, and a sixty-day stay order was obtained from the Federal Court without notice. Judge Jones dissolved the stay order a few days ago.

''I do not know that any other dilatory proceedings will

be attempted by the defendant, but in case anything is attempted, I would respectfully ask that you please require the parties to give us ample notice. I know this is in accord with your general policy.''

That pursuant to the final decree of April 6th, 1927, and the dissolution of the stay order by the judge of the Federal Court, the property involved in said suit was advertised for sale and sold by special master on February 6th, 1928, to one W. C. Anderson for the sum of Two Hundred Thousand ($200,000.00) Dollars. Whereupon, on the same day, to-wit February 6th, 1928, said sale was confirmed by the judge of said court, and the defendants were ordered to deliver up possession of said premises. And, on the same day, the master's deed was delivered by said master to said W. C. Anderson, conveying to him the premises involved herein. That at the time of confirming said sale, Honorable M. G. Rowe, judge of said court, denied an objection of the defendants to the confirmation of said sale, and then stated in open court, that said judge would refuse to enter a deficiency decree in said cause against the said defendants, and in explanation of such refusal said judge then stated in effect that he was opposed to rich, nonresident corporations taking any advantage of local residents.

That as a result of "stated" *ex parte* orders, injunctions and re-hearings granted, and of the failure and refusal of said court to rule upon such matters, other than to grant stay orders as aforesaid, the defendants, Clarendon Hotel Company and Elmer L. Kincaid, clients of Paul C. Harvey, have been maintained in the possession of the property involved in said suit, and are still in possession thereof, and have ever since February 6th, 1928, and still do, receive rents, issues and profits of said property, which property consists of a large hotel at Daytona Beach, Fla., and divers

and sundry apartment buildings upon said premises, rented in connection therewith.

That the aforesaid Paul C. Harvey, counsel for defendants, was closely associated in the practice of law with the Hon. M. G. Rowe, the present judge of said court, before M. G. Rowe became judge of said court, and that said Paul C. Harvey was influential in obtaining the appointment of the said judge, and is at the present time actively engaged in soliciting support for said judge in his race for reelection; that sometime during the month of November, 1927, the defendant, Elmer L. Kincaid, was discussing with affiant the question of whether or not he should employ counsel to assist him in maintaining possession of said Clarendon Hotel, and said Kincaid then and there stated to affiant, in effect, that he had been informed and believed that by employing the said Paul C. Harvey as his counsel he could obtain special favors in this court. That Paul C. Harvey, on or about December 10th, 1927, at a hearing before the United States district judge, at Jacksonville, Fla., made a statement to the effect in substance, that if he could not obtain sufficient stay orders to keep the complainant out of possession of said hotel in said United States court, then he could obtain such orders in the circuit court of Volusia County, Florida.

Wherefore, by reason of the facts aforesaid, affiant fears that the complainant in this cause will not receive a fair trial in the said circuit court of Volusia County, Florida, and has not received a fair trial at the hands of the said judge, on account of the prejudice of the judge of said court the said complainant and in favor of the defendants. And, affiant believes that the several orders and decrees aforesaid, staying the proceedings herein, and superseding both the right of the complainant to foreclose its mortgage, and its rights to have possession of the mortgaged premises, as well as the neglect and refusal of the said

judge to make any order whereby the aforesaid matters could be reviewed by the Supreme Court of Florida, or to cause the defendants to furnish any bond against the damage accruing or to segregate and preserve the income and profit from said property are caused by the bias of the said judge in favor of the defendants to this suit, and of their counsel, and said matters and things have happened and have been done with the sole object and purpose in view to maintain the Clarendon Hotel Company, defendant, in the continued possession of the mortgaged premises herein, in order that it might reap the rents, issued and profits thereof, without the necessity of paying the same upon the mortgaged indebtedness herein.

Wherefore, affiant believes that said presiding judge of said court, the Hon. M. G. Rowe, is disqualified in this cause by virtue of the terms and provisions of Chap. 9276, Laws of Florida, 1923; and moves the court for an order of disqualification.

The following is the "certificate of counsel of record": "I, E. T. McIlvaine, as counsel for the complainant and the purchaser referred to in the foregoing affidavit, do hereby certify that said affidavit and motion for an order of disqualification are made in good faith. E. T. McIlvaine."

Two affidavits were filed each being in the form following: "On this day personally appeared before me ........................... to me well known to me to be a reputable citizen of Volusia County, Florida, who, being by me first duly sworn, deposes and says: That he is not of kin to either of the parties named in the chancery suit Bank of America, complainant, v. Clarendon Hotel Company, et al., defendants, now pending in the circuit court of said county, or to the counsel representing either of said parties; that he is a citizen and resident of Volusia County, Florida; that the docket entries and the court file

in the above mentioned case have been exhibited to him; and that the foregoing affidavit by E. T. McIlvaine, of counsel for the complainant in said cause, correctly states the history of the progress of said matter before the circuit judge of Volusia County, Florida, and affiant states that said affidavit is true in substance.''

The petition further alleges: ''That the said respondent, M. G. Rowe, circuit judge as aforesaid, has and still does wholly fail to certify his disqualification in said cause, and, on the contrary, did on, to-wit: June 13, 1928, make a certain order therein denying his disqualification as such judge, which order is in words and figures as follows:

''The above and foregoing cause having come on for hearing before me upon application of the complainant for an order of disqualification of the judge of the seventh judicial circuit; to further try and hear said cause, said application being supported by two affidavits made for the purpose of showing the statutory grounds of the disqualification of the judge of said court, and the same having been duly considered, the court finds as follows:

''1. Practically all matters set forth in said petition have ceased to be effective by reason of default, therefore, in no way constitute grounds of disqualification.

''2. That the allegations of said affidavit made by one of the solicitors for the complainant are not borne out by the records of the case.

''3. That the supporting affidavits wholly fail to comply with the provisions of law for such affidavits, and it appears from the face of same that the matters therein contained are not matters within the knowledge of the affiant to the respective affidavits.

''Wherefore, said application for an order of disqualification is hereby denied, to which ruling of the court the complainant is allowed an exception.''

A writ of prohibition was prayed.

The petition was embodied in a rule issued by this Court commanding the respondent to show cause why he should not be prohibited from further proceeding as judge in the cause. Sec. 3586, Rev. Gen. Stats., 1920; Sec. 5451, Compiled General Laws 1927; State ex rel. v. Whitney, 66 Fla. 24, 63 So. R. 299.

A demurrer to the petition was filed by the respondent on grounds:

"1. That said affidavit of the complainant as relator herein and the affidavits filed in support thereof are insufficient in law to require this respondent to make answer thereto.

"2. That said affidavit of the complainant relator fails to state as facts or give such reasons for said relators belief of prejudice on the part of the respondent herein as to constitute grounds for disqualification within the purport of the Statutes of the State of Florida, prescribing the method and manner of disqualifying a judge.

"3. That neither of the supporting affidavits contain facts which support the substance of the alleged facts and reasons set forth by the relator, upon which they seek to disqualify said judge.

"4. Neither of said supporting affidavits are based upon any knowledge of the affiants thereto, as to the alleged facts and reasons contained in the affidavit filed on behalf of the relator.

"5. The allegations of the alleged facts and reasons contained in the affidavits of the relator, as well as those sought to be set forth in the alleged supporting affidavits are not sufficient foundation to support a writ of prohibition against said judge.

"6. That the two said supporting affidavits fail to allege or set forth any facts or reasons in substance supporting the affidavits of the relator herein as required by

law to entitle said relator to an order of disqualification to issue at the hands of said judge, the respondent herein, therefore are wholly insufficient for a foundation to a writ of prohibition to said judge.''

In view of the terms of the statute allowing affidavits to be filed showing disqualifying prejudice of a judge, a demurrer to the petition filed instead of an answer or return, may be a proper response to a rule in prohibition, since the legal sufficiency and not the truth of the disqualifying affidavits is the issue to be determined. See State ex rel. v. White, Judge, 40 Fla. 297, 24 So. R. 106; Rule 27, Sup. Ct. Rules.

In prohibition proceedings a demurrer to the petition admits the truth of the facts that are duly alleged or suggested in the petition. 16 Enc. Pldg. & Prac. 1141; 32 Cyc. 629.

Chap. 9276, Acts 1923, provides: ''Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse (party), such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed by the laws of this State for the substitution of judges for the trial of causes where the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists, and such affidavit shall be filed not less than ten days before the beginning of the term of court or good cause shown for the failure to so file same within such time. Any such affidavit so filed shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith, and the facts stated as a bias for making the said

affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county not of kin to defendant or counsel for the defendant. Provided, however, that when any party to an action shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge and another judge shall have been assigned and transferred to act in lieu of the judge so held to be disqualified the judge so assigned and transferred shall not be disqualified on account of alleged prejudice against the party making the suggestions in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties, and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interests he shall cause such ruling to be entered on the minutes of the court and shall proceed to preside as judge in the pending cause. The ruling of such judge may be assigned as error, and be reviewed as are other rulings of the trial court." Sec. 4341, Comp. Gen. Laws 1927.

If the statements of fact contained in the affidavits required by the statute are legally sufficient to show that a judge is prejudiced against the affiant or in favor of an adverse party in a cause, the challenged judge should then state on the record his disqualification under the statute to make any adjudication in the cause, as under the statute the truth of allegations that are legally sufficient to show disqualifying prejudice of the judge against or in favor of any party to a cause cannot be determined by the challenged judge. If the allegations of fact are legally insufficient to show prejudice of the judge as contemplated by the statute, the judge should deny the application. The judge may determine the legal sufficiency of affidavits to

state facts showing his disqualifying prejudice under the statute; but the judge cannot adjudicate the truth of such allegations. Hirsch v. McDonald Furniture Co. 94 Fla., 185, 114 So. R. 517; Berger v. United States, 255 U. S. 22, 41 Sup. Ct. R. 230, 65 Law Ed. 481; Suarez v. State, 95 Fla. 42, 115 So. R. 519.

Prohibition may be an appropriate remedy to prevent judicial action when the judge is disqualified as well as when the judge is without jurisdiction in the cause. See 23 Am. & Eng. Enc. Law (2nd ed.) 223; 32 Cyc. 607.

In this proceeding if the affidavits set out in the petition for a writ of prohibition are sufficient to comply with the requirements of the statute, to show a disqualifying prejudice of the respondent judge, the demurrer to the petition for a writ of prohibition should be overruled and the writ issued; but if the affidavits do not conform to the intendments of the statute, the demurrer to the petition should be sustained and the proceeding dismissed.

The statute requires ''a party'' to the action to make the affidavit charging prejudice of the judge. A corporation may be ''a party'' to a suit or action, and when so contemplated by the law, such corporation can make an affidavit through an authorized officer or agent of the corporation. It is not clear that the statute above quoted contemplates that where a corporation is the party seeking to disqualify a judge on the ground of prejudice, the affidavit may be made by the attorney for the party which attorney also as counsel of record makes the certificate ''that such affidavit and application are made in good faith.'' The statute expressly provides that ''the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens,'' etc. Each supporting affidavit merely states ''that the docket entries and the court file in the above mentioned case have

been exhibited to him, and that the foregoing affidavit of E. T. McIlvaine, of counsel for the complainant in said cause, correctly states the history of the progress of said matter before the circuit judge of Volusia County, Florida, and affiant states that said affidavit is true in substance." The docket entries and court files exhibited to the affiant are not given verity by the affidavit and the affiant does not state that he has knowledge of the facts *de hors* the court records and files that are alleged in the main affidavit. A mere statement by each of the two supporting affiants "that said affidavit is true in substance" is not a compliance with the intent of the statute, which is that the two accompanying affidavits shall show knowledge of the facts alleged in the affidavit charging prejudice of the judge and aver that such facts stated are true in substance.

Aside from the allegations as to respondent's judicial orders and refusals to rule, and as to the attending circumstances which apparently made the judicial action adverse to the interests of complainant, the allegations designed to show prejudice of the judge, are that when he confirmed the sale under the foreclosure decree, the judge denied an objection of the defendants to the confirmation, "and then stated in open court that the said judge would refuse to enter a deficiency decree in said cause against the said defendants, and in explanation of such refusal said judge then stated in effect that he was opposed to rich, nonresident corporations taking any advantage of local residents," and that Paul C. Harvey, counsel for the defendants in the stated cause "was closely associated in the practice of law with the Hon. M. G. Rowe, the present judge of said court, before M. G. Rowe became judge of said court, and that said Paul C. Harvey was influential in obtaining the appointment of the said judge, and is at the present time actively engaged in soliciting support for said judge

in his race for re-election; that sometime during the month of November, 1927, the defendant, Elmer L. Kincaid, was discussing with affiant the question of whether he should employ counsel to assist him in maintaining possession of said Clarendon Hotel, and said Kincaid then and there stated to affiant, in effect, that he had been informed and believed that by employing the said Paul C. Harvey as his counsel he could obtain special favors in this court. That Paul C. Harvey, on or about December 10th, 1927, at a hearing before the United States District Judge, at Jacksonville, Florida, made a statement to the effect in substance, that if he could not obtain sufficient stay orders to keep the complainant out of possession of said hotel in said United States Court, then he could obtain such orders in the Circuit Court of Volusia County, Florida.''

The two supporting affidavits are clearly insufficient to comply with the requirements of the statute, therefore the demurrer to the petition is sustained and the proceedings are dismissed.

ELLIS, C. J., AND TERRELL, STRUM, BROWN AND BUFORD, concur.