CITY OF PALATKA v. H. B. FREDERICK, Judge of the Seventh Judicial Circuit.

174 So. 826.

En Banc.

Opinion Filed June 3, 1937.

*J. P. Lamb, Julian C. Calhoun* and *Crawford & May,* for Relator.

ELLIS, C. J.—This is an application for an order to show cause why a writ of prohibition should not be issued to Honorable H. B. Frederick, Circuit Judge of the Seventh Judicial Circuit of Florida, requiring him to show cause, if any he has, why a writ of prohibition should not be issued directing him to desist and refrain from proceeding further in a cause pending in Putnam County in which the City of Palatka is petitioner and the Florida Power and Light Company, a corporation, and the Florida National Bank of Jacksonville, a banking corporation, are respondents, to forfeit the franchise held by the Florida Power and Light Company from the City of Palatka for the lighting of the streets of the said city and for furnishing light and power to the inhabitants of said city.

The basis of the application for an order to show cause against the Circuit Judge is as it is alleged in the petition that the said Circuit Judge denied a motion and application for an order of disqualification of the said Judge.

The cause, instituted in Putnam County, for the forfeiture of the franchise, had proceeded to the point where the ·

Florida Power and Light Company interposed a demurrer to the petition of the City of Palatka and the Florida National Bank of Jacksonville caused to be filed its demurrer and motion to strike and for compulsory amendment of the petition.

At that point on the 9th day of March, 1937, before the hearing on the demurrer and motion to strike the petition, the City of Palatka interposed its motion and application for an order of disqualification of the said judge. On the 13th of March, 1937, the Judge made his order denying the motion, following which the petitioner filed its petition for a rehearing which petition the Judge denied.

The motion for an order disqualifying the Judge in the cause rests upon certain allegations of fact set forth in affidavits of J. W. Campbell, Mayor of the City of Palatka, and J. A. Ginn and R. M. Ingram, Jr., citizens and residents of the County of Putnam.

The facts alleged in the affidavit of Campbell are that he fears that the City of Palatka would not receive a fair trial in the cause because of bias and prejudice of Judge Frederick in favor of the adverse party, the Florida Power and Light Company, and that he fears that the City of Palatka would not receive a fair trial in the Court before the said Judge. Campbell is alleged to be an officer of the City of Palatka, viz.: the Mayor Commissioner of that City.

The affidavit sets forth the alleged facts and reasons for the fear of the affiant that the Judge was biased and prejudiced against the city and in favor of the Florida Power and Light Company.

These facts in substance are alleged to be that in July, 1936, a cause was pending on the Chancery side of the Circuit Court in which P. B. Huff, a taxpayer, was plaintiff and the City of Palatka was defendant. The purpose of the action was to enjoin the Mayor and City Commission-

ers from holding an election for the purpose of submitting to the legally qualified electors of the City a proposition "to establish, or not establish, a municipal electric lighting plant in said City"; that the Florida Power and Light Company was not a party in that suit, although it is alleged that it was directly interested because it held a franchise from the city under which it was then and is now operating an electric distribution system in the city.

The affidavits alleged that during the argument the Judge "markedly exhibited his bias and prejudice against the City of Palatka and in favor of the opposite party in said cause by permitting counsel for the opposite party to argue at great length said cause without interruption, and by continuously interrupting in a hostile manner, counsel for the City of Palatka in their arguments in favor of said City of Palatka, and by permitting counsel for the opposite party to continually interrupt counsel for said city in their arguments, and to break in and heckle the counsel for said City."

It is further alleged in the affidavit that when the Judge rendered his decision in the case against the City of Palatka he "further exhibited bias, prejudice and hostility against the said City of Palatka in his remarks, substantially as follows: 'I do not know the people of Palatka very well, I would like to know them better, as I am their Circuit Judge, and I know they will not like this decision, but I don't give a damn.' "

The supporting affidavit of Ginn states that the Judge in the hearing of the Huff case in the chambers of the Judge "permitted constant interruption of the arguments of the attorneys of the said City of Palatka by the opposing counsel and that the said judge, H. B. Frederick, frequently interrupted the attorneys for the City of Palatka, in their arguments."

The affidavit also alleges that the Judge made the re-

mark about his not knowing the people of Palatka and his belief that the citizens would not like his decision in the case.

Ginn in his affidavit stated that he was a citizen of the County of Putnam and that he was not kin to any of the parties in the case nor to any of the attorneys representing either of them.

The supporting affidavit of Ingram alleges that he also is a citizen and resident of Putnam County and not of kin to the parties nor to any of the attorneys. The allegations of the Ingram affidavit are in substance the same as the affidavit of Ginn.

In the order denying the motion for an order of disqualification the Judge stated that if it lay within his power to recuse himself upon the slightest intimation that the litigant could not receive a fair and impartial trial that he would instantly and unhesitatingly step aside but that it was his view that he had no such arbitrary power or authority under the law; that he could no more disqualify himself unless the proceedings justified it than he could refuse to do so if the proceedings required it.

In that statement of the law, we think that the judge was perfectly accurate and we also are of the opinion that the facts alleged in the motion for disqualification and the supporting affidavits set forth no ground whatsoever for the Judge's disqualification.

It is clear that the statements contained in the affidavits as to the Judge's manner in conducting the argument in the Huff case were purely matters of opinion resting upon a conception of the affiants as to what constituted undue interruptions and heckling. A strange situation would indeed exist in the administration of justice if some attorney or bystander could by affidavit as to his conception of a

Judge's mental attitude toward litigating parties disqualify the Judge from discharging his duty under the law.

The scene occurs frequently in the trial of causes in a *nisi prius* court and often in the Supreme Court where the Judges question counsel and interrupt them in arguments. It is a method by which the Judges are enabled to obtain what they conceive to be a clearer understanding of the controversy, the facts involved and the rule of law applicable thereto. Such is the administration of justice. It frequently cannot be performed in any other manner than by directing the argument of counsel and obtaining their views upon suggestions from the Court as to the correct principles of law to be applied to the established facts.

To the layman this proceeding may not be understood and the nature of the questions from the bench may to his mind indicate a favorable or unfavorable attitude by the judge to one of the parties litigant and such conclusion is by no means accurate and is most frequently the result of assumptions of fact which could in nowise be established.

It is the function of a Judge to consider and weigh what is being said in argument in every cause and frequently it happens that in order to be more fully advised he interrupts counsel frequently and at length by propounding questions to them and by such means obtains as best he can the assistance of counsel in the administration of justice which duty counsel are sworn to render as officers of the court. The words in the affidavit "hostile manner" and "heckle" are obviously not statements of fact as they rest entirely within the so-called opinion of persons who arrived at conclusions from a tone of voice or a manner which they conceived to be indicative of bias or prejudice against the parties in the case.

As to the words alleged to have been used by the Judge after deciding the controversy in the Huff case we are of

the opinion that, although they were unnecessary, were nothing more than a gratuitous assertion of his disinterestedness in the result which he had reached in the case; that while he would like to know the people of Palatka better, nevertheless he had decided the case and that was the end of it so far as he was concerned.

We are not called upon in this opinion to express our views as to the propriety of comments made by the Judge upon the decision by him of any cause but we will suggest that it would be a safer course for all of us, trial and appellate Judges alike, to refrain from making any comments upon whatever decisions we render after the same have been entered of record.

Section 4341 C. G. L. 1927 expressly requires that affidavits which are made in support of a suggestion of disqualification of a trial Judge "shall state the facts and the reasons for the belief that any such bias or prejudice exists." This requirement of the statute obviously contemplates that an order of disqualification cannot be obtained merely upon the opinion of counsel and supporting affidavits of citizens not related to the parties that in their judgment without any sufficient reason to support it the judge is biased against one of the parties and will not permit a fair trial of the cause.

If the facts alleged in support of the opinion that the Judge is prejudiced have no relation to the conclusion and afford no basis whatsoever for it in reason or common sense, the court has no power under the statute to retire and make an order of disqualification. Suarez v. State, 95 Fla. 42, 115 South Rep. 519; Theo Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 South. Rep. 517; Berger v. United States, 255 U. S. 22, 41 Sup. Ct. Rep. 230, 65 L. Ed. 481. In the Suarez case, *supra,* it was held that mere

adverse ruling by the Judge constituted no basis for the allegation that he was prejudiced.

In the case of State, *ex rel*. Bryan, v: Albritton, 114 Fla. 725, 154 South. Rep. 830, we held as follows:

"Where an application to disqualify a circuit judge on account of prejudice is filed under Section 4341, C. G. L., 2674 R. G. S., it is not only within the power of such circuit judge to determine its legal sufficiency to invoke the duty of recusation prescribed by statute, *but it is his duty to do so under the law*. And while no power is vested in such judge to hear and determine the truth of any of the alleged acts, nor to attempt to adjudicate anything more than the bare legal sufficiency of the application or disqualification as a matter of law, as was held by this Court in Dickenson v. Parks, 104 Fla. 577, 140 South. Rep. 459, yet where the challenged judge has made an order finding the application legally insufficient to require that he recuse himself, this Court will refuse the drastic remedy of a permanent writ of prohibition where, upon fair consideration of the legal effect of the allegations set up to show the alleged disqualification of the judge on account of prejudice, it does not clearly appear that the alleged disqualifying causes contemplated by statute exist as a matter of law considering the legal effect of the substantial allegations of the petition as a whole.

"The law imposes on a circuit judge the duty to hear and determine all cases properly brought before him for his judicial consideration. This duty he must perform whether he wishes to do so or not, unless he be either disqualified as a matter of law, or be challenged and required to recuse himself under circumstances existing that require him as a matter of law to retire from the case, or he, himself, shall make it a matter of record and certify that he is personally conscious of and feels toward one of the parties such dis-

374

qualifying bias or prejudice as will in good conscience preclude his impartial consideration of the controversy."

The application ·for the rule *nisi* is denied.

So ordered:

BROWN, BUFORD and DAVIS, J. J., concur.