## STATE ex rel. JOSEPH D. MURRAY, v. HON. T. S. CARO, Judge of the Criminal Court of Record for Monroe County, Florida and HON. ALLAN B. CLARE, JR., County Solicitor for Monroe County, Florida.

17 So. (2nd) 79                                    January Term, 1944
February 29, 1944                                            En Banc
Rehearing Denied March 28, 1944

*J. F. Gordon, Leonard G. Egert,* for petitioner.

*Thomas S. Caro,* in proper person, for respondents.

SEBRING, J.:

An information was filed in the Criminal Court of Record of Monroe County charging the petitioner, Joseph D. Murray, with a violation of the criminal laws of this State. Before

arraignment he filed a motion to disqualify Honorable T. S. Caro, the presiding judge of said court, on the ground of prejudice. The judge denied the motion. Murray thereupon filed his suggestion for writ of prohibition in this Court, basing his petition upon the affidavits filed before the trial judge in support of the motion. A rule to show cause was issued and the respondent has demurred thereto, thus raising the legal sufficiency of the motion and affidavits filed before the trial judge as a basis for the issuance of a writ of prohibition. See State ex rel. Bank of America v. Rowe, Circuit Judge, 96 Fla. 277, 118 So. 5.

Disqualification of the trial judge is sought under Section 911.01, Florida Statutes, 1941. This statute allows a defendant in a criminal case, who fears that he will not receive a fair trial because of the prejudice of the trial judge, to make and file an affidavit in the cause to that effect and thus procure a change of judges. The statute contains the provision that "every affidavit shall state the facts and the reasons for the belief that any bias or prejudice exists . . . and the facts stated as a basis for making the affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county not of kin to the defendant or of counsel for the defendant. . . ." It likewise provides that: "The presiding judge may examine the affidavits supporting the motion to disqualify him for prejudice, to determine their legal sufficiency, but shall not pass on the truth of the facts alleged, nor adjudicate the question of his disqualification."

Omitting the formal parts of the affidavit made by the petitioner and filed before the trial judge in support of his motion for disqualification, the allegations are as follows:

"1. That he fears that he will not receive a fair trial in the Court where the suit is pending on account of the prejudice of the Judge of said Court, to-wit: Honorable T. S. Caro, against the defendant.

"2. That reasons and facts for such belief and fears such prejudice exists is the following:

"A. That when a similar case was called for trial on Thursday, September 16th, 1943, at 9:30 A.M., his chief counsel, J. F. Gordon of Miami, Florida, was not present be-

cause said J. F. Gordon had not been notified of the setting of the case for trial. The telephone calls were made to Mr. Gordon in Miami who promised to leave Miami on the 11 A.M. bus arriving in Key West about 4 P.M. That despite the fact that Mr. Gordon was his leading Counsel he was forced by said Judge T. S. Caro to plead to said information without the advice of his leading Counsel and associate Counsel was forced to select a jury at the same morning after said Judge was informed of the facts.

"B. That his leading Counsel arrived about 4:10 P.M. and immediately in open Court asked the Court for permission to file a motion to quash the information which said Judge denied. That a motion was then made to set aside the arraignment and plea so that said motion to quash could be filed. Said motion was denied.

"C. That the said Judge in the presence of the Jury ordered his leading Counsel to sit down.

"D. That certain hearsay testimony was permitted to go before the jury on the part of State witnesses despite strenuous objections of said Counsel.

"E. That defendant was forced to continue with said trial until 7 P.M. when an adjournment was had until 8:15 P.M. of the same night. That when the recess was over the Court resumed hearing the matter until about 12:45 A.M. on the morning of September 17th, 1943. That the Judge charged the jury finishing his said charge about 1:07 A.M. When he informed the jury after his charge that the jury was to go out and find a verdict if they could in a reasonable time if they wanted to go home to their families and if they couldn't agree that they would be sent to a hotel for the rest of the night. That said jury returned a verdict about 1:25 A.M.

"F. That then his leading Counsel asked for a continuance of this and other cases against him, the defendant, because his leading Counsel had other cases pending in other Court in Miami and because his immediate trial on another charge before the same jury panel would be prejudicial to his cause, but said Judge said that was no reason for continuance and informed County Solicitor that he would be

ready to hear this case at 1:30 P.M. on the same date, to-wit: Sept. 17th, 1943.

"G. That application had been made before the Hon. T. S. Caro to reduce the bonds of $5,000, and $5,000 on two felony charges by his leading Counsel and smaller bonds for two misdemeanor charges but he is informed and believes from his leading Counsel that said application for reduction of bail was denied by said Judge."

The motion and affidavit was certified to by J. F. Gordon and William V. Albury, as counsel. It was accompanied by the affidavit of Vivienne Kleinsmith, Frank Pagnini and Charles B. Holcomb, who are citizens of Monroe County not of kin, or counsel to petitioner. The pertinent allegations of the accompanying affidavit are:

"Defendant in above cause on Thursday Sept. 16th, 1943, was without his Chief or leading Counsel, J. F. Gordon, when he was arraigned on that date and that the Court continued in session from 4:15 P.M. on Sept. 16th until 1:30 A.M. on Friday Sept. 17th, at or about which time the jury returned a verdict in said cause."

Upon demurrer it is contended by the respondent that the affidavits that were filed in the case are insufficient in law to show prejudice on the part of the respondent and that consequently he was not in error in refusing to disqualify himself. We are of opinion that the contention is well founded.

It is contemplated by the statute that before an order of disqualification will be entered by the trial judge the facts alleged in the accompanying affidavits required to be filed with the motion and affidavit of the movant must support in substance sufficient of the facts revealed by the main affidavit to make it appear that the fear of the defendant that he will not receive a fair trial because of prejudice of the trial judge is well founded and not fanciful or frivolous. In other words, it is only to such of the facts and reasons stated as a basis for making the affidavit of prejudice that have been corroborated in substance by the affidavits of at least two presumably disinterested persons not of kin or of counsel to defendant, that the trial judge should look in order to ascertain whether he

should disqualify himself on the motion or suggestion. See City of Palatka v. Frederick, 128 Fla. 366, 174 So. 826; State ex rel. v. Dewell, 131 Fla. 566, 179 So. 695.

Assuming all of the facts in the accompanying affidavit made by Kleinsmith, Pagnini and Holcomb to be true, they do not support in substance sufficient of the facts contained in the main affidavit to show that the trial judge is disqualified on the ground of prejudice. Even when aided to the fullest extent by reference to the affidavit made by the petitioner himself, the only facts that the accompanying affidavit can be said to support are, that in a certain criminal case similar in character to the one here involved the petitioner was represented by J. F. Gordon and William V. Albury as counsel. When the companion case came on for trial at Key West, Florida, on the morning of Thursday, September 16, 1943, William V. Albury was present as counsel for petitioner but J. F. Gordon was absent, being at the time at his office in Miami, Florida. In the presence of attorney Albury, but in the absence of Gordon, the petitioner was arraigned and entered a plea of not guilty. Attorney Albury then proceeded with the selection of a jury to try the case. A jury having been chosen, the trial judge then recessed the case until 4:15 in the afternoon of the same day, to await the arrival of Mr. Gordon. The trial of the case before the jury began upon the arrival of Mr. Gordon and continued until 1:30 o'clock in the morning of the next day, when a jury verdict was reached.

We fail to see how these facts can be said to indicate a sufficient reason or basis for a well-grounded fear on behalf of the petitioner that he will not receive a fair trial when the presiding judge comes to the trial of the pending case. The fact that the trial judge may have required the defendant to stand arraignment and to select a jury in the companion case with only one of his attorneys present does not necessarily indicate prejudice, for it is not asserted, or even pretended, that counsel who was present during that part of the proceedings was not in every respect as well qualified as absent counsel to vigorously and ably defend petitioner through every step of the prosecution. Before the taking of

testimony in the companion case actually began Gordon arrived on the scene, and thereafter both he and Albury were present and participating in the trial. The fact that thereafter the trial judge required the trial to proceed until past midnight and until a verdict was reached is not such a circumstance as may be said to indicate a prejudiced attitude toward the petitioner in the case in which he has not yet been tried. No other facts of the main affidavit are supported by the accompanying affidavit, so far as we can see. The demurrer, therefore, should be sustained and the prohibition proceedings dismissed for failure of the petitioner to make the showing required by statute.

It is so ordered.

TERRELL, BROWN, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BUFORD, C. J., dissents.