WALDEN, Chief Justice.
A county judge was disqualified for prejudice and prohibited from presiding over the cases wherein appellees were charged with a misdemeanor. This was accomplished by a writ of prohibition emanating from a circuit court. The county judge appeals. We affirm.
A change of judge in a criminal case on account of prejudice is obtained by following the procedures found in F.S.A. § 911.01. Thereunder, defendants are required to file their affidavits alleging fear that a fair trial cannot be had on account of *575 the judge’s prejudice. The facts and reasons for such belief must be stated. Further, such facts shall be supported in substance by the affidavits of two reputable citizens. Upon presentment, the judge so charged is entitled to determine the legal sufficiency of the affidavits, but he is not permitted to pass on the truth of the facts alleged or to adjudicate the question of his disqualification. The simple test of the sufficiency of the application is whether it shows that defendants have a well grounded fear that they will not receive a fair trial at the hands of the judge. State ex rel. Brown v. Dewell, 1938, 131 Fla. 566, 179 So. 695, 115 A.L.R. 857; State ex rel. La Russa v. Himes, 1940, 144 Fla. 145, 197 So. 762; Zarate v. Culbreath, 1942, 150 Fla. 543, 8 So.2d 1; State ex rel. Murray v. Caro, 1944, 154 Fla. 215, 17 So.2d 79.
Using the mentioned statute, appellees applied to the appellant for a change of judge. Appellant ruled that, while appellees’ affidavits were statutorily sufficient to disqualify him for prejudice, the accompanying affidavits filed by two reputable citizens did not, in substance, support the appellees’ affidavits. With this, appellant refused to recuse himself whereupon appellees traveled to the circuit court. They there made the same allegations of prejudice and obtained the judgment appealed.
Has appellant demonstrated reversible error? We think not.
We agree with appellant that appel-lees’ affidavits were sufficient and such as to meet the required test and entitled them to a change of judge. Suffice it to say the allegations were to the effect that appellant was hostile and prejudiced toward appel-lees; that appellant had shown an unusual interest in the case in that he had conducted his own private investigation of the facts; that the judge had formed an opinion that appellees were guilty of the charge; that he had expressed an opinion that the particular misdemeanor offense with which appel-lees were charged was in the nature of a serious felony, that it was worse than murder and that it was a terribly hideous crime.
We next consider the supporting affidavits filed by Susan Bird and the Right Reverend Wallace E. Conkling (Bishop), which appellant rejected as being legally insufficient. It cannot be gainsaid that they do not support all of the factual allegations made by appellees. Further, their worth is not helped by the very general and restrained language employed. Appellees were charged under F.S.A. § 847.011(1) (a), having to do with certain obscene photographs and materials. We glean from the affidavits that certain evidence in appellant’s custody had been given wide public pre-trial circulation to the embarrassment and prejudice of appellees. All in all, the affidavits are borderline at best and seemed designed in furtherance of the removal of the cause under F.S.A. § 911.02 rather than for change of judge. We agree that the affidavits are weak. However, in view of the whole presentment and the rules by which we are bound, we cannot agree that this circumstance requires reversal.
In the case of State ex rel. Davis v. Parks, 1939, 141 Fla. 516, 194 So. 613, Justice Terrell, for the Supreme Court of Florida, dealt with a contention that the affidavits were insufficient in a disqualification proceeding:
it * * hi Limited to the technical content of the affidavits, this view could he upheld and supported hut that is not the measure by which they should he evaluated. If taken as a whole, the suggestion and supporting affidavits are sufficient to warrant fear on the part of Relator that he will not receive a fair trial at the hands of Respondent, they are sufficient.
“Courts, legislatures, football squads and baseball nines as well as other deliberative and non deliberative bodies must be guided by rules technical to each in the dispatch of their business. Regardless of where applied the rule of the game *576 must make for the orderly administration of right and justice; otherwise pandemonium supplants system and dispatch. The rule must be construed, however, with order and justice in view and should not be employed to perpetuate a prejudice, to justify pride of opinion or to attach a value to unusual complexes that result in defeating its purpose.
“[3, 4] This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.
“It is not enough for a judge to assert that he is free from prejudice. * * * ” (Emphasis added.)
When we look at the record as a whole to include appellant’s detailed special return and answer to rule to show cause, which contained substantial material corroborative admissions which were enlarged upon by his counsel before the circuit court, it is manifest that appellees have a well grounded fear that they will not receive a fair trial at the hands of appellant, and their application is neither frivolous nor fanciful. See Dickenson v. Parks, 1932, 104 Fla. 577, 140 So. 459. In other words, because appellant admitted the truth of salient facts relied upon by appellees which facts appellant has already deemed legally sufficient in appel-lees’ affidavits, the sufficiency vel non of the corroborative affidavits of Susan Bird and Bishop Conkling becomes only a matter of academic concern.
By way of light to our final steps in consideration of the merits we are most mindful that the judgment appealed reaches us with a presumption of correctness. We know that every doubt should be resolved m favor of the correctness of the ruling appealed, and, where the appellate court is in doubt as to its propriety or correctness, the doubt will be resolved in favor of the ruling in issue. Stevens v. Tampa Electric Co., 1921, 81 Fla. 512, 88 So. 303; Atlantic Coast Line Railroad Co. v. Baynard, 1933, 112 Fla. 544, 151 So. 5.
Having determined that the judgment must be affirmed, we are constrained, in fairness, to say that a careful screening of the record reveals only a course of careful and conscientious conduct on the part of the able and experienced county judge in the handling of the disqualification proceeding. While we disagree with his ruling, we are altogether persuaded that it stemmed from his earnest conviction as to the mandate of the law and not otherwise.
Affirmed.
ANDREWS and CROSS, JJ., concur.