SWANN, Judge
(concurring specially).
I concur with the majority and dissenting opinion as to the legal insufficiency of the affidavits for disqualification as they relate to the statements of the trial judge concerning the Grand Jury Indictments.
I specially concur in the majority opinion for the following additional reasons.
Rule 1.230, “CrPR”, 33 F.S.A., is pertinent in this case and is set forth, in material part, in the dissenting opinion.
The rule contains substantially the same requirements as § 911.01 (3) — (4) and § 38.-10, Fla.Stat., F.S.A. The procedural requirements of the rule differ from those of the statutes, but the requirements of the two accompanying affidavits under the rule and statutes are essentially the same.
*145 In passing on the essential requirements for disqualification of a trial judge in a criminal case under § 911.01, Fla.Stat., F. S.A., the Supreme Court in State ex rel. Murray v. Caro, 154 Fla. 215, 17 So.2d 79 at p. 81 (1944) made the following statement :
“It is contemplated by the statute that before an order of disqualification will be entered by the trial judge the facts alleged in the accompanying affidavits required to be filed with the motion and affidavit of the movant must support in substance sufficient of the facts revealed by the main affidavit to make it appear that the fear of the defendant that he will not receive a fair trial because of prejudice of the trial judge is well founded and not fanciful or frivolous. In other words, it is only to such of the facts and reasons stated as a basis for making the affidavit of prejudice that have been corroborated in substance by the affidavits of at least two presumably disinterested persons not of kin or of counsel to defendant, that the trial judge should look in order to ascertain whether he should disqualify himself on the motion or suggestion. See City of Palatka v. Frederick, 128 Fla. 366, 174 So. 826; State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 115 A.L.R. 857.” (Emphasis added)
Under the statutes, rule and the cases, it appears to be necessary, to me, that two legally sufficient affidavits are required to be filed setting forth the facts relied upon to show the grounds for disqualification. (Emphasis added)
There is in this record, in my opinion, only one affidavit which could be considered legally sufficient for disqualification of the judge in this case. The affidavit of Mr. Sepe to the effect “that he (the judge) would not rely upon the testimony of a potential witness who had been immunized” may be legally sufficient, I believe, for the reasons set forth in the dissent.
The affidavit of Mr. Dean solely to the effect that Judge Stedman had stated “I don’t like immunity, I don’t believe in immunity”, amounts to, at most, a statement of his personal philosophy or opinion. This is legally insufficient for disqualification. See State ex rel. Sagonias v. Bird, Fla. 1953, 67 So.2d 678; and 46 Am.Jur.2d Judges § 168-69.
The affidavit of Mr. Markowitz is set forth fully in footnote one of the majority opinion.
It is legally insufficient, I believe, under the authority and rationale of Hahn v. Frederick, Fla.1953, 66 So.2d 823. The affidavit of Mr. Markowitz is made “to the best of affiant’s memory and knowledge.”
In commenting on the requirements necessary for disqualification in a civil case under § 38.10, Fla.Stat., F.S.A., the Supreme Court, in Hahn stated at p. 825:
“The affidavits attached to the main affidavit do not comport with the statute. They do not support in substance the facts stated as a basis for making the main affidavit. The farthest either affiant goes in supporting the facts stated in the main affidavit is his statement that the facts in the main affidavit are true ‘to the best of his knowledge, information and belief.’ Such statement in an affidavit amounts to no more than a statement that so far as affiant’s knowledge goes, the facts are true; but in order to ‘support the facts in substance,’ the affidavits must be that affiant has knowledge of the facts and knows them to be true. An affidavit the statements of which are alleged on information and belief is, by the weight of authority, insufficient in any instance where one is required to make affidavit as to the substantive truth of facts stated, and not merely as to good faith. * * * This necessarily follows, in our opinion, from the well settled rule that the facts of an affidavit must be stated in a positive, and not a qualified manner.”
*146 ‡ j{c * ‡ *
See also State ex rel. Bank of America v. Rowe, 96 Fla. 277, 118 So. 5 (1928).
Even if the affidavit of Mr. Markowitz was based on his knowledge of the facts and he knew them to be true, the statement that the judge “does not like the practice and concept of immunity, and that as an Assistant State Attorney, he followed a policy of refusing to grant immunity to witnesses” is at most, I believe, a statement of the judge’s personal opinion and philosophy and refers only to a policy and philosophy which he followed in the past as an Assistant State Attorney. There are many judges today who are older and wiser, including perhaps nominees to the Supreme Court of the United States, who would not, and do not, wish to be bound by statements made in the past or in their youth of their personal opinions or philosophy.
Neither of the last two affidavits contain any statement of fact that, as a judge, he would not rely on the testimony of an immunized witness. They do not corroborate the statement referred to in the Sepe affidavit and are legally insufficient in my opinion.
Since the rule and the cases require two legally sufficient affidavits and as there is only one legally sufficient affidavit in this cause, I concur in the maj ority opinion.