411 So.2d 266 (1982)
R. P. HEWITT & ASSOCIATES, Petitioner,
v.
The Honorable Charles C. HURT, Deputy Commissioner, State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation, District "F", Respondent.
No. AI-431.
District Court of Appeal of Florida, First District.
March 4, 1982.
Robert C. Barrett, of Cooper & Rissman, P.A., Orlando, for petitioner.
Charles C. Hurt, pro se.
PER CURIAM.
Petitioner seeks issuance of a writ of prohibition to prevent respondent from taking further action in a workers compensation claim pending before him.
Pursuant to Florida Rule of Civil Procedure 1.432 and Section 38.10, Florida Statutes (1981), petitioner filed a verified motion to disqualify the deputy commissioner, supported by two affidavits and accompanied by a certificate of counsel. The motion was denied because the movant and affiants were not at the hearing on the motion, which violated a "court rule" established by the deputy.
A party seeking to disqualify a deputy commissioner must comply with the requirements imposed by rule and statute. See Miller & Barton Co. v. Lankford, IRC Order 2-2972 (1976). If the party complies with those requirements and if the documents submitted by the party are legally sufficient, the deputy must disqualify himself. Additional requirements cannot be imposed by "court rule".
In the instant case, the deputy based the denial of the motion to disqualify solely on the failure of petitioner to comply with the "court rule". However, in his response to the petition, the deputy did not limit his argument to the propriety of his "court rule" or to the legal sufficiency of the documents. Throughout his response he points out that the facts alleged in the motion and affidavit are not true and that the movant and affiants could not possibly have personal knowledge of the facts. Although the deputy made these statements in conjunction with stating that he had not passed on the truth or falsity of the alleged facts, by his comments he has "... attempted to refute the charges of partiality", and therefore must be disqualified on that basis *267 alone. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978).
The petition for writ of prohibition is granted although we assume that formal issuance of the writ will be unnecessary. Respondent shall take no further action in the case styled Katrina Kirkland v. Florida United Presbyterian Home and R.P. Hewitt & Associates, Claim No. XXX-XX-XXXX. The Chief Commissioner shall assign the claim to another deputy commissioner.
It is so ordered.
BOOTH, SHIVERS and JOANOS, JJ., concur.