463 So.2d 389 (1985)
Lapinell MOBIL and Fireman's Fund American Insurance Companies, Petitioners,
v.
The Honorable David L. TRASK, Deputy Commissioner, State of Florida, Department of Labor and Employment Security, Division of Workers' Compensation, District K, Respondent.
No. AM-338.
District Court of Appeal of Florida, First District.
January 29, 1985.
Rehearing Denied March 8, 1985.
*390 Barry A. Pemsler of Richard, Tharp & Pemsler, Miami, for petitioners.
Jerold Feuer, Miami, for claimant, Carlos Miguel Coronardo.

ON PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
Petitioner (employer/carrier) has filed a petition for writ of prohibition seeking to preclude the deputy commissioner from presiding over further proceedings regarding a claim of Carlos Coronado. The deputy denied petitioner's "motion to recuse," filed pursuant to § 38.10, Florida Statutes (1981). We deny the petition.
Claimant was injured in a shooting incident which occurred at the gas station where he was employed as an attendant. A hearing was conducted by the deputy on a claim for compensation benefits. Apparently a fact in issue at the hearing was whether the shooting was related to claimant's employment or was the result of a personal dispute between claimant and the attacker. Petitioner's motion alleged the deputy made certain remarks during the course of the hearing which indicated he had pre-judged the case and was prejudiced against petitioner.
The subject remarks occurred prior to completion of the testimony of claimant before the employer/carrier presented its witnesses. According to affidavits submitted in support of the motion, the deputy went off the record, turned to employer/carrier's attorney and said:
I don't see how you can't find this accident compensable. If I was sitting at my desk and a man came in here with a gun and shot me, it is an on-the-job accident.
The motion was accompanied by a "deposition/statement" of the court reporter which recited the above statement made when the proceedings were "off the record," an affidavit of the movant (the employer/carrier's representative at the hearing), supporting affidavits of two citizens of the county, and a certificate of good faith executed by petitioner's attorney.
The deputy denied the motion on grounds "that the facts alleged, assuming them to be true and taken in the best light to the moving party are legally insufficient to allow this deputy commissioner to enter an order of recusal." On denial of the motion, the employer/carrier filed the instant petition for writ of prohibition.
A petition for writ of prohibition is an appropriate vehicle to prevent judicial action when a judge or deputy commissioner has improperly denied a motion to disqualify. State ex rel Bank of America v. Rowe, 96 Fla. 277, 118 So. 5 (1928); and R.P. Hewitt & Associates v. Hurt, 411 So.2d 266 (Fla. 1st DCA 1982).
However, in the instant case, we agree with the deputy's ruling that the facts alleged by the employer/carrier were legally insufficient to justify the granting of the motion.[1] We would note that, in so ruling, the deputy did not improperly rule on the truth or falsity of the facts alleged in the motion, see Bundy v. Rudd, 366 So.2d 440 (Fla. 1978). He simply held that the statement was not sufficient to establish *391 that he had pre-judged the case or was prejudiced against petitioner. The alleged offensive statement seems to us to be of that variety of statement or question not infrequently posed to counsel in order to stimulate a response which would better enable the judge or deputy to adjudicate the compensability of the claim. A judge is not required to abstain from forming mental impressions and opinions during the course of the presentation of evidence. Cf. City of Palatka v. Frederick, 128 Fla. 366, 174 So. 826 (1937). The remarks in question are not such as to indicate that the deputy had made a final decision on the issue of compensability. Compare LeBruno Aluminum v. Lane, 436 So.2d 1039 (Fla. 1st DCA 1983) (Ervin, C.J., dissenting) (Deputy stated he had decided to award benefits; when counsel for the employer/carrier asked if he would still be allowed to present witnesses, the deputy replied, "You can put them on if you want to take up the court's time.").
Accordingly, the rule to show cause is discharged and the petition for writ of prohibition is denied.
SHIVERS, JOANOS and NIMMONS, JJ., concur.
NOTES
[1] As we agree with the decision of the deputy that the facts alleged are insufficient to support disqualification, we do not reach the issue raised by respondent of whether the motion meets the technical requirements of § 38.10, Fla. Stat. Nor do we find it necessary to consider whether the "deposition/statement" of the court reporter was properly before the deputy. We have examined all affidavits filed in support of the motion in determining that the facts were insufficient to justify disqualification of the deputy.