# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0120
Lower Tribunal No. 18-27045
_____

**1440 Plaza, LLC,**
Petitioner,

vs.

**New Gala Building, LLC,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Kula & Associates, P.A., and Elliot B. Kula and W. Aaron Daniel, for petitioner.

Becker & Poliakoff, P.A., and Steven M. Davis, for respondent.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

LOBREE, J.

1440 Plaza, LLC (the "buyer") seeks a writ of prohibition precluding the trial judge from continuing to preside over the underlying suit against New Gala

Building, LLC (the "seller"), charging error to the denial of its motion for disqualification. We deny the petition.

Factual and Procedural Background

Mathieu Goldenberg, a non-party, contracted with the seller to purchase a residential property by July 24, 2018. Before closing, he assigned his rights under the contract to the buyer. The closing never took place. The buyer sued for breach of contract, among other causes of action, and sought specific performance, describing the seller's failure to provide it with necessary information prior to closing. The seller raised the affirmative defense that the buyer failed to satisfy conditions precedent to the seller's duty to close, such as obtaining financing and notifying the seller of any default, and counter-claimed for breach of contract.

The seller moved for summary judgment, arguing that a breach by it could not be shown because, under the contract's cure provision, a party complaining of default must give the non-complying party notice and five days to cure the problem. The buyer filed its own motion for summary judgment, arguing that the cure provision did not apply. The trial court then sent the following e-mail to counsel:

> After review of the various motions and memoranda, [including] those related to the new and revised affirmative defenses of Buyer, and my notes from the hearings I will be granting Seller's Motion for Summary Judgment and Denying Buyer's Motion for Summary Judgment. Will the Seller please prepare, and submit via courtMAP, a proposed order reflecting this ruling and

2

include within the [proposed] order at least the following points:

> 1) . . . The evidence on file is subject to only one conclusion, Buyer failed to close because its lender was not provided the correct closing date.
>
> [. . .]
>
> 2) If Buyer was prepared to close on June 24th and Seller did not have all of the 9(c) documents, Seller would have been entitled to the 5 day notice. This notice could not have been provided unless there was a default (i.e. when the obligation was due to be fulfilled).
>
> Before entering any order I would like to better understand why the paragraph 11 5 day notice to cure provision would not apply to the Buyer's obligation to proceed to close on June 24th. In other words, why would the Seller be entitled to 5 days to bring the 9(c) documents but not the Buyer to have its lender fund? The parties may address this question in a very brief memo within 10 days herefrom.

This communication prompted the buyer to file a motion to disqualify the trial judge, relevantly arguing that "the message Buyer received from the Judge's comments is that [he] would grant summary judgment despite inviting additional argument on a critical issue that remains unresolved and that he would rule as indicated because [he] finds Buyer . . to lack credibility." According to the buyer, the trial judge "crossed that line between forming mental impressions to prejudging the issue." The motion was summarily denied as legally insufficient.

3

Standard of Review

"The legal sufficiency of a motion to disqualify is a question of law which we review de novo." Sands Pointe Ocean Beach Resort Condo. Ass'n v. Aelion, 251 So. 3d 950, 954 (Fla. 3d DCA 2018) (citing Wall v. State, 238 So. 3d 127, 142 (Fla. 2018)). "[T]he standard for determining whether a motion is legally sufficient is 'whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair trial.'" Enter. Leasing Co. v. Jones, 789 So. 2d 964, 968 (Fla. 2001) (quoting MacKenzie v. Super Kids Bargain Store, 565 So. 2d 1332, 1335 (Fla. 1990)). "[This] is a question of what feeling resides in the affiant's mind and the basis for such feeling." Livingston v. State, 441 So. 2d 1083, 1086 (Fla. 1983) (quoting State ex rel. Brown v. Dewell, 179 So. 695, 697-98 (Fla. 1938)).

Analysis

The buyer's motion alleged, "by announcing his future ruling while also acknowledging an unresolved issue . . . and inviting the parties to brief same so that [he] could 'better understand' that exact issue," the trial judge crossed the line from forming a mental impression to prejudging the issue. It claimed that "[i]t is not unreasonable for Buyer to believe, as it does, that any such brief would be futile because despite the Judge's apparent need for it, the Judge nonetheless had already determined it would rule in favor of Seller." In its petition, the buyer asserts that

4

"[t]here could be no clearer evidence of prejudgment: regardless of whether the 5-day cure period applied, the trial judge was 'granting Seller's Motion.'"

"A judge may form mental impressions and opinions during the course of presentation of evidence so long as she does not prejudge the case." Brown v. Pate, 577 So. 2d 645, 647 (Fla. 1st DCA 1991). As judges are "not required to abstain from *forming* [such] impressions and opinions," Mobil v. Trask, 463 So. 2d 389, 391 (Fla. 1st DCA 1985) (emphasis added), neither are they required to abstain from *conveying* them, see Pilkington v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015) ("Comments from the bench . . . which reflect observations or mental impressions are not legally sufficient to require disqualification"). The issue is whether comments conveying such impressions, in context, "could reasonably be interpreted to mean that the judge had crossed that line from forming mental impressions to prejudging the issue." Barnett v. Barnett, 727 So. 2d 311, 312 (Fla. 2d DCA 1999); see also Gregory v. State, 118 So. 3d 770, 779 (Fla. 2013) (prohibition requires trial court's statements to be interpreted in context and as whole).

Here, after considering the cross-motions for summary judgment, the trial judge communicated that it "will be granting Seller's Motion," concluding that the buyer, not the seller, failed to close. However, the trial judge also noted that "notice could not have been provided unless there was a default." Wishing to "better

understand" whether and how a default existed, he advised that he would not "enter[] any order" until the parties submitted further brief memoranda on the narrower question of "why would the Seller be entitled to 5 days to bring the 9(c) documents but not the Buyer to have its lender fund."

The trial judge's communication that he would grant the seller's motion merely conveyed how he was leaning to rule, given his express reservation on entering any final order pending further argument on the cure provision. As such, this amounted to no more than advising the parties of his mental impressions and opinions on the motion as a whole and the cure provision issue particularly. Contrary to indicating prejudgment of the issue, the trial court required further memoranda on the issue precisely because it had not yet come to a firm conclusion and refused to enter an order until it did. Cf. Pilkington, 182 So. 3d at 779 ("While the comments include the judge's mental impressions, Judge Smith *clarified that he would not make any decisions based upon first impressions*.") (emphasis added).

Notably, the trial court conveyed its impressions after, not before, extensive legal argument was made by the parties and an opportunity to be heard was afforded. Compare Thompson v. State, 990 So. 2d 482, 490 (Fla. 2008) ("[J]udicial comments revealing a determination to rule a particular way prior to hearing *any* evidence or argument have been found to be sufficient grounds for disqualification.") (emphasis added), with Wargo v. Wargo, 669 So. 2d 1123, 1125 (Fla. 4th DCA 1996) (granting

6

prohibition where judge's remarks were made prior to hearing and "judge began to rule on the issues presented without even giving counsel a chance to present argument," thus "signal[ing] a predisposition, rather than *an impression formed after reviewing the evidence*") (emphasis added). Rather, the trial court's invitation of further argument is the opposite of ruling *regardless* of argument to the contrary. Cf. State v. Dixon, 217 So. 3d 1115, 1122 (Fla. 3d DCA 2017) ("A trial judge's announced intention *before a scheduled hearing* to make a specific ruling *regardless of any evidence or argument to the contrary*, is the paradigm of judicial bias and prejudice.") (quoting Gonzalez v. Goldstein, 633 So. 2d 1183, 1184 (Fla. 4th DCA 1994)) (emphasis added).

The authorities relied on by the buyer are primarily concerned with a trial court's announcement of specific policies requiring it to rule a certain way regardless of the circumstances. See, e.g., Dixon, 217 So. 3d at 1122 ("[A] motion to disqualify a trial judge may rely on the judge's announcement of his policy in other cases in order to establish a well-founded fear that the judge will not be impartial in the case in which the motion to disqualify was filed."); Gonzalez, 633 So. 2d at 1184 (granting prohibition due to judge's announcement that he would sentence defendant to top of guidelines before considering any mitigating evidence). No such policy was announced here. Instead, the buyer's prejudgment challenge seems to "assume[] that trial judges are motivated by a desire to protect their initial

7

conclusions about a case, and that they are incapable of changing those conclusions even when it becomes clear that they did not have all of the facts." Amato v. Winn Dixie Stores/Sedgwick James, 810 So. 2d 979, 984 (Fla. 1st DCA 2002) (Padovano, J., dissenting).

The trial court's request to better understand an issue on which presented argument already inclined it to rule a certain way was within its power to make statements or ask questions to stimulate a response by counsel that will assist them in better adjudicating an issue. See Mobil, 463 So. 2d at 391 (holding alleged biased statements were "of that variety . . . not infrequently posed to counsel in order to stimulate a response which would better enable the judge . . . to adjudicate the . . . claim," especially where they did not indicate that deputy had made final decision on issue); City of Palatka v. Frederick, 128 Fla. 366, 371 (Fla. 1937) ("It is the function of a judge to consider and weigh what is being said in argument in every cause and frequently it happens that in order to be more fully advised he interrupts counsel frequently and at length by propounding questions to them and by such means obtains as best he can the assistance of counsel in the administration of justice."). Under these facts, the trial court's inclination to rule a specific way, without more, did not reasonably signal prejudgment where the buyer had already been afforded an opportunity to be heard. The motion for disqualification was

legally insufficient and the trial court did not err in denying it. Accordingly, we deny the petition.