## MAUDE A. BURNETT v. MILTON BURNETT

28 So. (2nd) 878                                    January Term, 1947
January 31, 1947                                    Special Division A

*Dewey A. Dye,* for petitioner.

*Singeltary & Cornwell,* for respondent.

TERRELL, J.:

Petitioner sued respondent for divorce, alleging as ground therefor, habitual intemperance and extreme cruelty. The bill prayed for temporary relief by way of awarding the custody of the children to complainant upon such conditions as to the Court may seem meet, by granting complainant exclusive use and possession of the home for herself and the children and restraining the defendant from using the home as a dwelling place or from eating or sleeping there without

complainant"'s consent, and that if necessary he be ejected from the premises.

The chancellor granted the temporary relief prayed for except as to defendant's sleeping and eating at the home without the complainant's consent. This part of the prayer was denied. This is an appeal by certiorari under Rule 34 of the Rules of this Court seeking to enlarge the scope of the Chancellor's decree to include that part of the relief prayed for but which was denied.

The bill of complaint is sworn to and no attack is made on its sufficiency. It shows that the home is the separate property of the wife and alleges an intolerable domestic situation if proven. The brief of counsel suggests that the chancellor was of the view that he was without legal authority or jurisdiction to order the husband from the matrimonial domicile and preclude him from eating or sleeping there. We find nothing in the record to support this contention, neither is it denied.

If the chancellor was in fact of this view, he was in error. While the matter is one vested very largely in his discretion, it is the settled law of this State that he may require the parties to live separately if public decency, the safety of the parties or the welfare of the children requires. McGill v. McGill, 19 Fla. 341; Palmer v. Palmer, 36 Fla. 385, 17 So. 720; Lyon v. Lyon, 102 Ga. 453, 31 SE 34.

Certiorari is accordingly denied but without prejudice to petitioner to seek a review of her application for temporary relief.

It is so ordered.

THOMAS, C. J., CHAPMAN, J., and FABISINSKI, Associate Justice, concur.