RAWLS, Judge.
The primary question raised in this interlocutory appeal is whether the trial court *198 in this divorce case properly granted temporary relief in ordering th,e husband, who was found to be without fault, to absent himself from the home during certain hours pending final disposition of the divorce action.
Immediately after filing her complaint for divorce, the wife sought temporary relief in the form of a court order requiring the husband to absent himself from the jointly-owned home of the parties. A hearing was held on the issue. The trial judge found that the wife harbored deep-seated antagonism toward the husband; this created tensions; although there was no showing of fault on the part of the husband, it would be to the “best interests” of the parties and the small children for only one of the parties to remain at home during normal sleeping hours; and it would be safer and less inconvenient for the husband to move, so the husband was ordered to absent himself from the home during the hours of 9:30 p. m. to 7:00 a. m.
We are aware that the Supreme Court in Burnett v. Burnett, 158 Fla. 464, 28 So.2d 878, 879 (Fla.1947), held that the trial court was vested with the authority to issue a temporary order requiring the husband to vacate the home if public decency, safety of the parties, or welfare of the children requires. That case carefully recited that the sworn complaint, if proved, alleged habitual intemperance and extreme cruelty on the part of the husband, an intolerable domestic situation, the presence of children in the home, and ownership of the home in the wife. As authority the Supreme Court cited McGill v. McGill, 19 Fla. 341 (1882), another divorce case involving habitual intemperance and physical cruelty on the part of the husband, the presence of children, and ownership of the home in the wife.
We find that the above rule of law was improperly applied under the facts presented in the instant case. The only testimony given at the hearing was that of the husband and wife. This testimony is not in conflict. There was no evidence of any intemperance, of any quarreling or fighting between the parties, or of any adverse effect upon the children.
We are well aware of the extensive testimony presented to the Chancellor in this temporary hearing which touched upon severe emotional problems possessed by the wife and the Chancellor’s laudable efforts to reconcile the controversy. As stated above, the trial judge recited in his order that the evidence produced at the hearing does not establish fault on the part of the husband in the creation of an attitude of deep-seated antagonism on the part of the wife. A husband possesses the same individual rights as does a wife. It would be an incongruous situation should this Court approve the ejectment of a man from his marital home on the basis that a wife “ * * * harbors deep-seated antagonism to the defendant [husband] which is intensified by the continued presence of the defendant in the home * * * ”
Reversed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.