ON PETITION FOR REHEARING
PER CURIAM.
Appellant has filed his petition suggesting that the court has overlooked the provisions of Section 61.071, Florida Statutes, F.S.A., by approving an award of temporary alimony in the trial court where there was no showing that appellant, defendant below, was in any way at fault respecting the statutory grounds for divorce. Appellant correctly argues not only the absence, thus far, of proof of fault on his part but directs our attention to the lower court’s holding in its interlocutory order of December 3, 1969, that:
“ * * * The evidence produced at the hearing does not establish fault on the part of the defendant in the creation of such attitude (deep-seated antagonism to the defendant) on the part of the plaintiff. * * * ” (See our opinion in an earlier appearance of this cause in this court reported in 236 So.2d 197.)
In view of the above finding of fact by the lower court, appellant argues that a predicate for .granting temporary relief under Section 61.071, Florida Statutes, F.S.A., has not been made. We agree that a husband who is without fault cannot be required to respond under Section 61.071, Florida Statutes, F.S.A., (see Floyd v. Floyd, 91 Fla. 910, 108 So. 896); however, as stated in our opinion herein of December 10, 1970, we do not understand the provision made by the trial court in the order now reviewed to be an award of temporary alimony to the wife. Rather, it seems to us, the court’s action below constitutes no more than a temporary provision made by the trial court for the use of the marital home which is owned by both parties to this litigation as an estate by the entireties so that it is no more his than hers. We think that a provision with respect to such property as was made below pending the outcome of the case is well within the trial judge’s *249 discretion in the circumstances presented before him.
Subject to the foregoing clarification, the opinion of this court filed herein on December 10, 1970, is adhered to and appellant’s petition for rehearing is denied.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., and SPECTOR, JJ., concur.