CARROLL, Judge.
This is an original proceeding in prohibition. By an information the relator was charged in two counts with sale of marijuana, and in two counts with possession of the drug, in violation of § 398.03 Fla. Stat., F.S.A. In the suggestion in prohibition the relator alleged the respondent judge, before whom his cause is pending, had made a public pronouncement of a policy for confinement of persons convicted of said offenses, and that by reason thereof he feared he would not receive a fair trial; and that relator’s motion for disqualification of the judge filed pursuant to Rule 1.230 CrPR, 33 F.S.A. had been denied. This court issued a rule nisi in prohibition. In response thereto the respondent admitted the alleged public statement, but pointed out that the policy stated was consistent with the provisions of the law with reference to penalty for such offenses, following conviction, and that the statement did not have reference to trial of such offenses. The cause has been considered by this court on arguments of counsel and on the record and briefs.
A public pronouncement by a judge of his attitude regarding certain offenses for which persons will be tried before him and of a policy to be pursued by him regarding sentencing therefor is, at the least, ill advised. When a public statement so made is such as to indicate bias of the judge it can operate to disqualify him from hearing those matters, and could impair his usefulness proportionately. However, it is our conclusion and we so hold that the respondent judge’s public pronouncement in this instance was not such as to bring about those results.
We reach this conclusion because the judge’s statement, dealing only with matters after conviction, was not such as would form a reasonable basis for a defendant to fear that he would not receive a fair trial;[1] and, as to the statement regarding disposition following conviction, because the policy stated by the judge, that is, to confine defendants convicted of such offenses, was in conformity to the law which then so provided.
At the time the public pronouncement of policy was made by the respondent judge the penalty for the offense of selling the drug, a felony, was confinement in the state prison for a period of years (with authority to impose a fine in addition thereto but not as an alternative to confinement). § 398.22(1) Fla.Stat., F.S.A. Likewise, as to the offense of unlawful possession of the drug, a felony, the penalty provided by *14 law was for a period of confinement without an alternative of a fine, with the exception that for a first conviction thereof the statute provided the penalties of imprisonment or a fine, in the alternative. § 398.22(2) (a) Fla.Stat., F.S.A.[2] We need not express opinion on whether the fact that the judge’s statement of policy for confinement related also to a first conviction of possession should disqualify him in such a case, because it was not alleged or shown that if the relator should be convicted of the crime of possession of marijuana it would constitute a first conviction for such offense.[3]
We hold to be without merit the contention of the relator that disqualification of the respondent judge should result from the fact that the respondent was employed as an assistant state attorney at the time the relator was bound over to the criminal court of record. It was disclosed that the respondent, while so acting as assistant state attorney, had no dealings or contact with the prosecution proceeding involving the relator. Compare State ex rel. Ambler v. Hocker, 34 Fla. 25, 15 So. 581.
Accordingly, the rule nisi is discharged and the application for writ of prohibition is denied.
It is so ordered.

. See Mank v. Hendrickson, Fla.App.1967, 195 So.2d 574, at 574-575 and cases cited there.

. Subsequently, and effective July 1, 1971, the penalties upon conviction for sale and for possession of marijuana were changed to provide for confinement or, in the alternative, for a fine, or for both; with a proviso that a first offense of possession of or delivery without consideration of not more than five grams of marijuana would be a misdemeanor, punishable by confinement in the county jail for a period of not more than one year or by a fine of not more than $1,000, or both. See Chapters 71-107 and 71-136, Laws of Fla.1971.

. The respondent’s statement of his intended policy for dealing with convicted first offenders (presumably for sale or possession of marijuana) was not that he would impose the prison sentences prescribed by law for such offenses, but that upon conviction he would see they were jailed for a period of weeks before appearing for sentencing, at which time he would withhold adjudication of guilt and release them, without inflicting upon them a felony conviction record.