BERANEK, Judge.
This is an appeal by husband from a non-final order of the trial court giving wife custody of the children and exclusive possession of the marital home pending final dissolution. This is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).
Initially, a restraining order was issued by the trial court on the request of the wife. It provided that the husband was to vacate the marital home and that he was restrained from taking any of the children from home or school. Husband then filed a motion to dissolve the restraining order and a motion for temporary custody of the children. After a hearing the trial court entered an order ratifying the previous order but allowing husband reasonable visitation with his children and allowing him to keep the two oldest children on week-ends.
Husband appeals the trial court’s order maintaining there was insufficient basis for temporarily granting exclusive possession of the marital home to the wife absent a showing that public decency, safety of the parties or welfare of the children is adversely affected. Husband also contends the trial court erred in not awarding the husband temporary custody of the children maintaining that the wife is unstable, has recently attempted suicide and cannot control the children.
The record before this court is meager, consisting of a transcript of hearing where only the husband and his nephew testified. The trial court determined that the husband had another house to live in and husband’s attorney agreed that wife could live in the marital home unmolested until the case was litigated to a conclusion.
Husband argues that the order was in error, relying upon Daniel v, Daniel, 236 So.2d 197 (Fla. 1st DCA 1970). There the court found it error under the facts of that case to temporarily exclude husband from the marital home absent evidence of quarreling or fighting or any adverse effect upon the children. In this case, however, there was testimony in the record indicating that husband and wife were quarreling and fighting. Furthermore, as stated above, the husband’s attorney seemed to agree the wife could live unmolested in the house on a temporary basis since the husband had another house in which to live. We cannot say the trial court erred. In Burnett v. Burnett, 158 Fla. 464, 28 So.2d 878 (1947), it was suggested by counsel that the trial court believed it was without legal authority to order husband from the home. The Supreme Court commented:
If the chancellor was in fact of this view, he was in error. While the matter is one vested very largely in his discretion, it is the settled law of this State that he may require the parties to live separately if public decency, the safety of the parties or the welfare of the children requires.
Here, the trial court acted within his discretion.
With respect to husband’s petition for temporary custody of the children, we similarly find no abuse of discretion. Other than a mere reference by the husband and nephew to a suicide attempt by wife, there is no evidence that she cannot care for the children. On the contrary, the husband testified she does take care of the children, is a good mother, and that she loves them. The *301 trial court’s exercise of discretion as to temporary child custody should thus not be disturbed.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.