DAUKSCH, Judge.
Petitioner seeks a writ of prohibition requesting this court to prohibit respondent from acting as his judge. We deny the writ.
Petitioner alleges that he filed a motion for the disqualification and substitution of Judge Watson and has attached a copy of that motion and the order denying the motion. The order deemed the motion legally insufficient, so we must consider only the motion to see if it was legally sufficient. In examining the motion we analyze it as follows.
The first numbered paragraph states that the petitioner is charged with one count of robbery and five counts of drug law violation.
*477 The second numbered paragraph says counsel for petitioner “has carefully researched the sentencing posture of this honorable court by and through a review of numerable [sic] sentencing dockets.” He then says respondent’s sentences in drug cases are disproportionate to other cases and that “those who are accused of any drug related crime inevitably will be incarcerated upon either a plea or a trial.” By this we think he means that all persons who appear before respondent for sentencing in drug-related cases receive some jail or prison time.
Petitioner then alleges that “It is furthermore manifestly clear that this court has repeatedly punished those who have exercised their fundamental right to a fair trial, with this matter becoming evident upon the review of those individuals who were not the prevailing party at the litigation.” This rather cumbersome sentence can only be interpreted to read “It is clear that the court punishes persons who go to trial and are found guilty.” It does not say the court punishes persons for going to trial. It is a judge's primary role to punish guilty people
Lastly, petitioner alleges “As such, your affiants verily believe that this court does not stand free from bias or partiality against the Defendant and/or for the State of Florida.” Parenthetically, it is noted that the word “affiants” is inappropriate because the motion is not an affidavit and is not sworn to by anyone.
There are many reasons why we cannot issue the writ. First, because the mere conclusion that the judge may be biased is totally unsupported by any factual allegation, sworn or unsworn. Second, just because, if it is true, a judge sentences drug violators more heavily than others does not indicate a bias against any particular person — only the crime itself. If the voters do not want judges who are not sympathetic to drug violators, or who tend to punish them too harshly then they can vote them out of office. That is a political matter. Petitioner has set out no facts to show any bias against him personally or in favor of the state. So, under Rule 3.230(a), Florida Rule of Criminal Procedure, his motion is legally insufficient. We note also petitioner failed to properly comply with Rule 3.230(b), applicable only in criminal cases, because he did not file “two or more affidavits setting forth facts relied upon to show the grounds for disqualification.”
In sum we agree the motion is legally deficient. We add that sentencing guidelines are in force and govern this judge in all cases and we cannot recall a case where it was maintained that Judge Watson exceeded the sentencing guidelines in a “drug-related” case. There has been no appellate case substantially alleging a pattern of such conduct on his part. We feel that if the petitioner’s attorney was aware of any such cases he would bring them either to our attention or Judge Watson’s. Petitioner’s counsel has not given us the benefit of the “numerable [sic] sentencing dockets” he reviewed nor has he shown one case where an excessive sentence was given. He has not alleged sufficient grounds to obtain the writ and has not supported by facts the allegations he did make.
WRIT DENIED.
COBB and DANIEL, JJ., concur.