PER CURIAM.
Scott Kranz appeals from a nonfinal order granting his estranged wife exclusive use and possession of the marital home. We affirm.
*1012 In December, 1988, the husband was served with a Petition for Dissolution of Marriage. The wife had vacated the marital residence without notice and had taken with her the parties’ four-and-one-half-year-old daughter and some of the husband’s business papers.[1] The wife and child moved to Naples, Florida. The husband filed an Emergency Motion for Injunctive Relief seeking return of his property and visitation with his daughter. The motion was heard before a general master. At the hearing on his emergency motion, the husband testified that he realized his wife and child needed a place to live, and that he wished to share the three-story marital residence with them. However, he accused the wife of theft and marital misconduct. He suggested that he occupy the ground floor, and that his wife and child occupy the other two floors. The wife's counsel made an oral motion requesting the court to grant the wife exclusive use and possession of the marital residence.[2]
The general master recommended that the wife have exclusive use and possession of the house on the grounds that it was unlikely that the parties could peacefully live together and that it was in the child’s best interests to remain with her mother. The report stated that its provisions “shall not give to the wife any right to occupancy or ownership that she did not have prior to date hereof” and that the provisions “shall be without prejudice to be reconsidered ninety (90) days from entry of an Order approving same." The trial court approved the master’s report over the husband’s objection and adopted the master’s recommendations.
The trial court correctly approved and adopted the general master’s recommendations. “Once a trial court decides to appoint a master to hear testimony and make findings of fact, it loses the prerogative of substituting its judgment for that of the master’s ... The master’s findings cannot be overturned by the trial court unless the findings are clearly erroneous.” Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987) (cites omitted). Daniel v. Daniel, 236 So.2d 197, 198 (Fla. 1st DCA 1970) stands for the proposition that an affirmative showing of “intemperance ... quarreling or fighting between the parties” is a prerequisite to an order requiring a husband to absent himself from the marital home. The husband made such a showing here by his own testimony.
Moreover, the record reflects that the husband has rented for himself an apartment at Plaza Venetia in Dade County; he also has a temporary residence in Dallas, Texas, where he spends approximately twenty days each month.
Given the husband’s testimony at the hearing and the temporary nature of the order, no abuse of discretion is shown.
AFFIRMED.
JORGENSON, J., and JOHN G. FERRIS, Associate Judge, concur.

. The dispute over the business papers is not before this court.

. The residence is titled in the husband's name alone; it is unclear from the record whether the wife contributed to the purchase of the residence.