SCHWARTZ, Chief Judge
(dissenting).
As I read this record, the only basis for requiring the husband to move from his home pending the determination of the domestic litigation was the master’s generalized observation that the parties could likely not get along together in the same residence — an observation which is almost by definition true of every couple involved in a dissolution proceeding. Such a conclusion is insufficient as a matter of law to justify the granting of this relief, which is only available upon an affirmative showing of
intemperance ... quarreling or fighting between the parties, or [an] adverse effect upon the children.
Daniel v. Daniel, 236 So.2d 197, 198 (Fla. 1st DCA 1970). As Daniel makes clear, neither spouse should automatically be deprived of his or her emotional and property interest in the common residence at the commencement of the case merely because of the existence of the dispute itself; to do otherwise is to pre-judge the case by de *1013 priving a litigant of valuable interests before any determination of the merits. At the very least, ouster should not occur without a demonstration that an ordinary injunction for each party to refrain from molesting the other while continuing to reside in the same home has been attempted and been found inadequate to meet the situation.[1] Since this was not even attempted below and in the absence of facts which permit, let alone justify, the order below, I must dissent.

. Because the Kranzes’ residence is a large three-level home which would lend itself to one spouse living on a separate floor from the other, there is all the more reason to believe that this remedy might be effective.