PER CURIAM.
This cause is before us on appeal from a judgment and sentence for possession of cocaine, resisting arrest with violence, and attempting to elude a law enforcement officer. Appellant contends that the- trial court erred in denying his motion to continue the cause to allow him to file a legally-correct motion to disqualify the trial judge and erred in denying his oral motion to disqualify.
Appellant based his motion to disqualify on the trial judge’s participation as a primary witness against another client of appellant’s counsel in a case tried earlier that same week. Appellant’s counsel stated that as trial counsel in that case, he had filed a motion alleging that the court should be disqualified and had cross-examined the judge, who was a primary witness against his client. At the time of the oral motion to disqualify, the following dialogue occurred between appellant’s counsel and the trial court:
MR. KIMMEL: Your Honor, I don’t know if the Court would be aware or not, but we learned that this division was going to be trying the case about ten minutes ago.... As a result of that, it is completely impossible for us to comply with the technical and formal requirements of that rule relating to disqualifications of a trial judge prior to the trying of this particular case.
[[Image here]]
... So as a result, we’re going to place on the record this morning my oral motion seeking leave of the Court ... to prepare written motion, delay to prepare and obtain written affidavits asking that this Court be disqualified from trying the case. We would place on the record the references to the trial that was conducted earlier this week and the difficulties in that trial....
THE COURT: I have no idea what you’re talking about. Will you be specific and tell me what you’re talking about?
MR. KIMMEL: I intend to, Your Hon- or, as the Court is well aware, on Tuesday of this week we tried a case State of Florida vs. Roxanne Szaltis, I do not have the case numbers before me, but I believe it was originally 88-159 and 160.
THE COURT: I remember it.
MR. KIMMEL: And Judge Anderson was called as a witness in this case, and as defense counsel for Mrs. Szaltis, I was required to conduct a thorough cross-examination of the Court as possible. I was trial counsel who filed the motion alleging that the Court should be disqualified in Mrs. Szaltis’ case. The Court *78 was a primary witness against Mrs. Szal-tis in her case.
... I also have had — would place solely for purposes of the record a motion allegation that there have been other disagreements with Division D throughout the years, and as a result I do not believe that Mr. Reynolds would be well served or that this case would be in the best interest of justice for Mr. Reynolds that this particular division try this case. Having to make this motion from my feet five minutes after learning of this situation, there is a lot more that I would put into a formal motion, and so the Court can either consider an oral motion to disqualify and we at the same time would move in the alternative orally that Mr. Reynolds’ trial be continued upon motion of defense....
THE COURT: Mr. Kimmel, do you think I have prejudice against a lawyer doing his job?
MR. KIMMEL: I’m certainly at a very limited — I have a limited ability to respond to that and still comply with all of the cannons [sic] of the Code of Professional Responsibility.
THE COURT: Unless you can give me a specific reason.... [I]t’s obvious that in the case that you referred to that when I was called as a witness, I did what a witness was supposed to do, and when you’re a lawyer in a case, you do what a lawyer is supposed to do. And aside from that I know a judge is a judge and asked to perform the job of a judge and a lawyer is a lawyer and had to perform the functions of a lawyer.
That doesn’t mean there is a reason for a judge to disqualify himself because he performs his function and you perform your function. So if that’s what your talking about, I’m willing to deny the motion for a continuance. I certainly don’t know any other reason. As far as I know, I have never seen the defendant in this case. In fact, I didn’t even know his name until I came down and looked at the court file and it’s Eugene Reynolds.
The Florida Supreme Court held in Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978):
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.” Fla.R.Crim.P. 3.230(d); [citations omitted]. When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification.
We realize there can be a fine line between passing on the legal sufficiency of the motion and ruling on the facts and adjudicating the motion. The judge who is the subject of a motion to disqualify must, however, strictly observe the line of distinction and not involve himself in ruling on facts or in adjudicating the motion.
Here, the court, in an apparent effort to get on with the case, which he had agreed to hear in relief of the judge originally assigned, attempted to resolve the motion to disqualify. This was error. The trial court’s failure to grant appellant’s motion to continue or, in the alternative, to recuse itself, requires reversal and remand for a new trial.
Accordingly, the judgment and sentence are reversed, and the cause remanded for a new trial.
BOOTH, SMITH and ZEHMER, JJ., concur.