567 So.2d 553 (1990)
Gregory Wayne EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2505.
District Court of Appeal of Florida, Fifth District.
October 4, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterwroth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
At the time the defendant entered pleas of nolo contendere the state attorney and the sentencing court agreed the defendant would be sentenced to incarceration for no more than an applicable three year minimum mandatory sentence. However, the defendant was later sentenced to six years incarceration which was within the statutory maximums and within the recommended guidelines sentence of 5 1/2-7 years incarceration. He appeals.
Although a sentencing court is not free to sentence below the sentencing guidelines over the State's objection, a plea agreement between the State and the defendant is a valid justification for a downward departure from the guidelines.[1] Accordingly, in this case the trial court was free to impose a sentence in accordance with the plea agreement.
A defendant is not entitled to specific performance of a plea agreement but if he pleads guilty or nolo contendere as quid pro quo for a promised maximum sentence, before a more serious sentence is imposed on the defendant as a result of his plea, the sentencing court should extend to the defendant an opportunity to withdraw his plea or to agree to maintain his plea with the knowledge that he will not receive the promised sentence.
Rather than disadvantage the defendant or the State by vacating the sentence at this level, we remand the case with directions that the sentencing court either (1) give the State an opportunity to ascertain if the defendant, with the advice of counsel and knowledge that he can withdraw his pleas, desires to voluntarily adhere to his pleas and agrees to the sentences as imposed, (2) vacate the sentences imposed and impose a downward departure sentence in accordance with the plea agreement, or (3) *554 extend to the defendant an opportunity to withdraw his pleas.
REMANDED WITH DIRECTIONS.
COWART, GOSHORN and HARRIS, JJ., concur.
NOTES
[1] See State v. Esbenshade, 493 So.2d 487 (Fla. 2d DCA 1986); State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985).