586 So.2d 78 (1991)
Jessie J. EASON, Petitioner,
v.
Walter COLBATH, Jr., as Circuit Judge of the Fifteenth Judicial Circuit, Respondent.
No. 91-2523.
District Court of Appeal of Florida, Fourth District.
September 12, 1991.
Rehearing and Stay Denied October 24, 1991.
Richard L. Jorandby, Public Defender, and Ian Seldin, Asst. Public Defender, West Palm Beach, for petitioner.
No response required.
PER CURIAM.
We deny the petition for a writ of prohibition, concluding that the trial judge's quoted comments were not such "as would form a reasonable basis for a defendant to fear that he would not receive a fair trial." State ex rel. Shelton v. Sepe, 254 So.2d 12, 13 (Fla.3d DCA 1971). We also conclude that the trial judge's quoted statements were merely generalized and not directed to any single defendant appearing before him. Compare State ex rel. La Russa v. Himes, 144 Fla. 145, 197 So. 762 (1940), with State ex rel. Sagonias v. Bird, 67 So.2d 678 (Fla. 1953). See also State ex rel. Gerstein v. Stedman, 233 So.2d 142 (Fla.3d DCA 1970), opinion adopted, 238 So.2d 615 (Fla. 1970).
Although "a public pronouncement by a judge of his attitude regarding certain offenses for which persons will be tried before him and of a policy to be pursued by him regarding sentencing therefor is, at the very least, ill advised," Sepe, 254 So.2d at 13, we have absolutely no reason to doubt that this trial judge is keenly aware of the discretionary nature of an enhanced sentence under the habitual offender statute, section 775.084, Florida Statutes (1989), and also of the general rule that a refusal to exercise discretion is error. See e.g. Glosson v. Solomon, 490 So.2d 94 (Fla.3d DCA 1986) (trial court's announced policy of never setting bail on probation violation charge was in derogation of discretionary provision of bail statute); see also Mank v. Hendrickson, 195 So.2d 574 (Fla.4th DCA 1967) ("every litigant is entitled to nothing less than the cold neutrality of an impartial judge").
PROHIBITION DENIED.
WARNER, GARRETT and FARMER, JJ., concur.