608 So.2d 569 (1992)
Renee T. JERNIGAN, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 92-3401.
District Court of Appeal of Florida, First District.
November 19, 1992.
Jack Behr, Public Defender, and Elton Wm. Killam, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., for respondents.
PER CURIAM.
Renee T. Jernigan was charged with second degree murder in Escambia County. Jernigan moved to disqualify the Honorable Michael Jones, the circuit judge assigned to hear her case. When the motion was denied, Jernigan petitioned this court for a writ of prohibition. We issued an order to show cause but, upon consideration of the response, determined to deny the petition. Because the petition was filed on the eve of trial, our ruling was rendered by unpublished order. We now publish *570 this our opinion to announce the reasoning for our decision.
Although the details of the allegations against Jernigan are unknown to this court, apparently they involve the death of an infant. In her motion for disqualification, the defendant contended that Judge Jones had predetermined her guilt and that he possesses a prejudice against people who he regards as child abusers. In support of her motion, Jernigan showed that Judge Jones rejected a plea agreement reached between defense counsel and the assistant state attorney whereby she would plead nolo contendere to attempted manslaughter and be sentenced to probation. Movant also relied on an incident which occurred in August, 1988, where Judge Jones witnessed a father striking his child with what the judge believed to be excessive force at the courthouse. The father, Barry Schutt, was detained in the judge's office for several hours while Judge Jones asked the State Attorney to investigate the incident. No charges were filed against Mr. Schutt. The motion for disqualification was accompanied by affidavits of Ms. Jernigan and Mr. and Mrs. Schutt, all averring that they did not believe the defendant would receive an impartial trial and, if convicted, fair sentencing before Judge Jones because he cannot be impartial in cases of alleged child abuse.
In his order denying the motion for disqualification, Judge Jones recited the controlling legal principles, that the motion must show a factual foundation for the alleged fear of prejudice. The movant's subjective fears are not sufficient. Fischer v. Knuck, 497 So.2d 240, 242 (Fla. 1986). The trial judge must determine whether, upon the facts alleged, a reasonably prudent person would fear that she would not get a fair and impartial trial. Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983). Without further comment, Judge Jones denied the motion as legally insufficient.
The respondents opposed the petition, arguing that Judge Jones correctly concluded the motion for disqualification was legally insufficient. They pointed out that the movant's claims were based on two theories, that Judge Jones is prejudiced against all defendants in cases involving child abuse, and that his rejection of the plea agreement evidenced his bias. As for the claim of bias against all defendants in a certain class of cases, a similar contention was found legally insufficient in Keenan v. Watson, 525 So.2d 476 (Fla. 5th DCA 1988). We agree that the rule announced in Keenan is correct. The motion to disqualify, insofar as it is grounded on the factually unsupported theory that Judge Jones is prejudiced against all child abuse defendants, was legally insufficient.
We also find persuasive respondents' argument in opposition to the petition with regard to rejection of the plea agreement. A trial court is not obligated to accept a plea agreement which binds it to a specific sentence, Fairweather v. State, 505 So.2d 653 (Fla. 2d DCA 1987). The defendant is not entitled to specific performance of a plea agreement, Evans v. State, 567 So.2d 553 (Fla. 5th DCA 1990). Thus, rejection of the plea agreement is in the nature of an adverse judicial ruling, and such rulings will not serve as a basis for disqualification. Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982).
Upon consideration of the foregoing, we found Judge Jones' conclusion that the motion for disqualification was legally insufficient to be correct. Accordingly, the petition for writ of prohibition was denied.
PETITION DENIED.
JOANOS, C.J., and BOOTH and SMITH, JJ., concur.