PARKER, Acting Chief Judge.
Steven A. Berkowitz appeals the trial court’s orders which found Berkowitz in indirect criminal contempt and continued a protective injunction. We reverse.
In this case, Berkowitz presented the trial judge with a motion to disqualify at the beginning of the hearing to determine whether Berkowitz had violated a protective injunction and whether the injunction should be continued. The trial judge would not allow counsel to approach the bench to give him the motion. The trial judge immediately conducted the hearing on the indirect criminal contempt and the continuation of the injunction. When Berkowitz’s attorney again attempted to move for a continuance and to file the motion to disqualify the trial judge, the trial judge had the attorney removed from the courtroom.
After finding Berkowitz in indirect criminal contempt and continuing the protective injunction, the trial judge allowed Berkowitz to file his motion for disqualification. The trial judge then allowed Berkowitz to present evidence to support his motion for disqualification. The court entered three orders that day: (1) an order continuing protective injunction for one year; (2) an order finding Berkowitz in indirect criminal contempt; and (3) an order recusing the trial judge on his “own” motion.
First, we conclude that when a judge is presented with a motion to disqualify, the judge should immediately rule upon the sufficiency of the motion. Section 38.10, Fla.Stat. (1991); Fla.R.Crim.P. 3.230(d). The judge is allowed to determine only the legal sufficiency of the motion. It was error for the trial judge in this case to enter written orders finding Berkowitz in indirect criminal contempt and continuing the injunction for one year before determining the sufficiency of the motion to disqualify. The judge is not allowed to debate the allegations of the motions. See Livingston v. State, 441 So.2d 1083 (Fla.1983); Reynolds v. State, 568 So.2d 76 (Fla. 1st DCA 1990).
In the instant case, the motion is not legally sufficient because the motion does not include the attorney certification that the motion was made in good faith as required by section 38.10, Florida Statutes (1991).[1] *973 However, the trial judge knew from the beginning that there was a motion to disqualify him. After ruling on the other matters, the trial judge took evidence on the motion to disqualify and later that day entered an order of recusal based on the court’s own motion. This case is similar to Petrullo v. Petrullo, 604 So.2d 536 (Fla. 4th DCA 1992). In Petrullo, the judge entered a written order regarding a custody issue when he knew that he had not made a final determination regarding the wife’s motion for disqualification. The Fourth District reversed even though it found the motion to be legally insufficient, because the judge held a hearing on the motion to recuse, reserved ruling, and three weeks later recused himself. Petrullo, 604 So.2d at 538. Accordingly, the order finding Berkowitz in indirect criminal contempt and the order continuing the protective injunction must be reversed. We remand this case to the trial court for a new hearing, before another judge, concerning whether Berkowitz violated the protective injunction and whether the injunction should continue.
BLUE, J., and LUTEN, CLAIRE K., Associate Judge, concur.

. That requirement is now found in Florida Rule of Judicial Administration 2.160.