PER CURIAM.
As nothing in this record reveals any bias, prejudice, or ill will on the part of the judge, but only the exercise of legitimate judicial function, the motion to disqualify was legally insufficient and properly denied. Jemigan v. State, 608 So.2d 569 (Fla. 1st DCA 1992); Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990).
However, it is also clear from the record and the State properly concedes, that, in the six eases in which the defendant’s probation was revoked, he was entitled to more than the 265 days of credit time served that he received, and the case is hereby remanded to the trial court with directions to recalculate the credit time served for which the defendant is entitled on his sentences. State v. Green, 547 So.2d 925 (Fla.1989).
Affirmed, in part; reversed, in part, and remanded with directions for recalculation.