760 So.2d 256 (2000)
The TOWER GROUP, INC., Petitioner,
v.
DORAL ENTERPRISES JOINT VENTURES, Respondent.
No. 3D00-658.
District Court of Appeal of Florida, Third District.
June 7, 2000.
Paul H. Bass, Coral Gables, for appellant.
Stephen L. Vinson, Coral Gables, for appellee.
Before GODERICH, GREEN and SORONDO, JJ.
PER CURIAM.
By way of a petition for writ of certiorari, the Tower Group, Inc. seeks review of an order denying its motion for the disqualification of the trial judge on the grounds that its attorney had been a reelection opponent of the trial judge in an acrimonious judicial campaign. We treat it as a petition for a writ of prohibition. Based upon the reasons which follow, we grant the writ and quash the order under review and remand with directions that Judge Eleanor Schockett disqualify herself from presiding over this case.
*257 The petitioner/defendant below was served with a summons and complaint in this action on December 3, 1999, and its answer was due to be filed on or before January 20, 2000. On January 25, 2000, the petitioner filed its motion for disqualification of the trial judge pursuant to rule 2.160(f), Florida Rules Judicial Administration and asserted that it feared that it could not receive a fair trial or hearing before the trial judge by virtue of the fact that its counsel Paul H. Bass, Esquire had been an opponent in the judge's reelection campaign. Attached to the motion were the affidavits of the petitioner's president and Mr. Bass which both asserted fears that because of the acrimonious nature of the judicial campaign, they feared that the trial judge could not fairly preside over this case. The trial court denied the motion on the grounds that it was untimely.
Pursuant to rule 2.160(d)(1), Florida Rules of Judicial Administration, a motion to disqualify is legally sufficient and must be granted where it demonstrates "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the Judge." See also Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983); see also Lytle v. Rosado, 711 So.2d 213, 214 (Fla. 3d DCA 1998). The trial court did not find the petitioner's motion to be legally insufficient. Indeed, we find that, without question, it was. See Florida Supreme Court Committee on Standards of Conduct Governing Judges, Op. 84-23 (Oct. 26, 1984) (advising a judge to disqualify himself/herself in cases involving an attorney who was his/her re-election opponent until such time that, considering all the circumstances to which the judge is aware, the judges impartiality cannot be questioned).
The sole reason cited by the trial court for the denial of the motion was its untimeliness. Rule 2.160(e), Florida Rules of Judicial Administration requires that a motion for disqualification to be made within a period of reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion. The petitioner filed its motion within 5 days after the due date of its answer. We do not find this to be an unreasonable period of time. Nor is there anything in the record to indicate that prior to this time, the petitioner knew the identity of the trial judge or that its chosen counsel had grounds to seek the trial court's disqualification. Given the state of the records, we conclude that the trial court erred when it found the motion to be untimely. In fact, under the circumstances of this case, we believe that the trial judge may have had an obligation to sua sponte recuse herself from this cause pursuant to canon 3(E)(1)(a), Code of Judicial Conduct; that canon requires that:
(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceedings[.]
See also Livingston, 441 So.2d at 1085-86 (stating that "the judiciary cannot be too circumspect, neither should it be reluctant to retire from a cause under circumstances that would shake the confidence of litigants in a fair and impartial adjudication of the issues raised.") (quoting Dickenson v. Parks, 104 Fla. 577, 582-84, 140 So. 459, 462 (1932)).
Thus, for the foregoing reasons, we grant the petition, quash the order under review and remand with directions that the trial court below recuse itself from this proceeding.