792 So.2d 1276 (2001)
Paul J. MIGLIORE, Appellant,
v.
Michelle MIGLIORE, Appellee.
No. 4D01-1209.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
*1277 Frank G. Cibula, Jr., of Law Office of Frank G. Cibula, Jr., West Palm Beach, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., and Warren Brams, West Palm Beach, for appellee.
STREITFELD, JEFFREY E., Associate Judge.
Paul Migliore ("husband") has brought this interlocutory appeal from the trial court's temporary relief order. Michelle Migliore ("wife") has cross-appealed the temporary child support award. We have jurisdiction. Fla. R.App. P. 9.130(a)(3).
During the temporary relief hearing, husband's counsel expressed a concern that the trial judge may have prejudged the custody issue. Counsel requested and was granted an opportunity to consult with his client, after which he orally moved that the trial judge "recuse himself." After further discussion, the motion was denied. No written motion was filed.
Trial counsel failed to request a recess to file a written motion for disqualification. The writing requirement contained within Florida Rules of Judicial Administration 2.160(e) is mandatory. The motion was therefore legally insufficient. Rogers v. State, 630 So.2d 513 (Fla.1993). Husband has suggested that his motion was one of "recusal," not "disqualification." Disqualification is the proper term for the motion filed here. Sume v. State, 773 So.2d 600 (Fla. 1st DCA 2000).
Husband challenges the temporary custody and attorneys fees awards. They are supported by competent, substantial evidence, and no abuse of discretion has been shown. Bowles v. Bowles, 384 So.2d 299 (Fla. 4th DCA 1980); Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991); Wiederhold v. Wiederhold, 655 So.2d 218 (Fla. 4th DCA 1995).
Both parties have appealed the child support award. The trial court chose not to apply the child support guidelines contained within section 61.30, Florida Statutes. This constitutes error. On remand, the trial court is directed to conduct a hearing to determine temporary child support. The calculation must begin with the guidelines, with variations, if any, based upon the statutory factors. Finley v. Scott, 707 So.2d 1112 (Fla.1998).
For the reasons stated, the temporary custody and attorney's fees awards are affirmed. The temporary child support award is reversed and remanded for further proceedings consistent with this opinion.
GUNTHER and WARNER, JJ., concur.