804 So.2d 360 (2001)
Isaac MARTIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D01-1784.
District Court of Appeal of Florida, Fourth District.
September 12, 2001.
*361 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
*362 Michael J. Satz, State Attorney, and J. Scott Raft, Assistant State Attorney, Fort Lauderdale, and Robert A. Butterworth, Attorney General, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
Robert C. Buschel of Buschel Carter Schwartzreich & Yates, and Raag Singhal of Kaplan & Singhal, Fort Lauderdale, for Amicus Curiae Broward Association of Criminal Defense Lawyers.
STEVENSON, J.
This is a petition for writ of prohibition in which Isaac Martin seeks disqualification of presiding Broward County Circuit Court Judge Barry Goldstein in Martin's prosecution for delivery of cocaine at or near a public park. In his motion, Martin alleged that because of remarks made by the judge in a news article, Martin feared that the judge was predisposed to impose probation following any jail or prison sentence awarded in his case, and would not objectively consider evidence that probation following any incarceration was unnecessary. We grant the petition.

Procedural background
In his motion to disqualify, Martin alleged that he was charged with a drug offense, and if convicted, faced a sentence ranging from county jail and/or probation to thirty years in prison. Martin alleged that Judge Goldstein was interviewed by a reporter for an online legal news service, lexisONE, and was quoted in the article as saying: "My feeling is, if I'm going to sentence someone to state prison or county jail it should always be followed by probation."[1] Martin stated that Judge Goldstein also said that his nickname of "Judge Follow-By" was appropriate. Presumably, this referred to the judge's inclination to impose prison followed by probation. In his motion, Martin alleged that Judge Goldstein had a policy of ordering probation following any jail or prison sentence, and that this "denotes the Court's failure to utilize individualized sentencing criteria in determining what would be an appropriate sentence in the Defendant's case if he plead guilty or no contest or if he was convicted by jury." The motion went on to allege that this announced policy created a well-founded fear in Martin that he would not receive a fair and impartial sentencing hearing.
Subsequently, Judge Goldstein entered an order denying Martin's motion to disqualify. In it, the judge said he felt "compelled to point out that the motion and affidavit exclude the fact that, in the past three months alone, this Court has sentenced at least eight defendants to prison or county jail without including a provision in the sentences that they were to be followed by probation or community control." Judge Goldstein then said that the motion was not filed in good faith because the assistant public defender assigned to the case did not inform Martin of the judge's recent sentencing record as outlined above.

Discussion
Prohibition lies to review trial court orders denying motions to disqualify trial judges. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Bundy v. Rudd, 366 So.2d 440 (Fla.1978). Disqualification is ordinarily required in any situation where the facts are reasonably sufficient to create a wellfounded fear in the mind of the moving party that he will not receive a fair trial. See Fischer v. Knuck, 497 So.2d 240, 242 *363 (Fla.1986). In MacKenzie and Livingston v. State, 441 So.2d 1083 (Fla.1983), the supreme court made clear that the legal sufficiency of a motion to disqualify a trial judge turns on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial hearing. See MacKenzie, 565 So.2d at 1335; Livingston, 441 So.2d at 1087.
In Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996), rev. dismissed, 691 So.2d 1081 (Fla.1997), this court reversed a trial court order which denied motions for disqualification based on Judge Goldstein's comments to the effect that he would never sentence a defendant to time served on a violation of probation. The remark was made during a conversation between Judge Goldstein and a public defender who represented another defendant. The appellant in Hayes, appearing before Judge Goldstein on a charge of violation of community control, moved to disqualify the judge stating that he feared that he would not receive a fair sentencing hearing if he were found guilty because the judge was predisposed as to the appropriate sentence. This court agreed and stated:
Judge Goldstein's comment was more than a statement of personal philosophy. His public pronouncement indicated his bias in refusing to consider a sentencing option that was among the range of sentencing options available to him in appellant's case. Cf. [State ex rel.] Shelton [v. Sepe, 254 So.2d 12 (Fla. 3d DCA 1971)]. Thus, Judge Goldstein's comment concerned the ultimate disposition of appellant's case.
686 So.2d at 696.
In Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994), the defendant's departure sentence was reversed and the case was remanded for resentencing within the guidelines. The defendant filed a motion to disqualify Judge Goldstein from hearing the case on remand because the judge allegedly announced that he would not listen to any evidence in mitigation of punishment and that he intended to sentence the defendant to the maximum period allowable by the guidelines. After the motion for disqualification was denied, this court granted the subsequent petition for writ of prohibition, stating:
A trial judge's announced intention before a scheduled hearing to make a specific ruling, regardless of any evidence or argument to the contrary, is the paradigm of judicial bias and prejudice. We could not imagine a more telling basis for a party to fear that he will not receive a fair hearing.
Id. at 1184.
In Torres v. State, 697 So.2d 175 (Fla. 4th DCA), rev. denied, 703 So.2d 477 (Fla. 1997), this court granted a petition for writ of prohibition after Judge Goldstein commented in yet another proceeding that he would never sentence a defendant to time served on a violation of probation. This court acknowledged that there was federal law making a distinction between personal and judicial bias, with recusal only required for the latter. See id. at 176. The court noted that the federal cases were in conflict with state case law and stated:
We continue to adhere to our opinion in Hayes and conclude that a judge's announced policy that no probation violator will be sentenced to time served amounts to legally sufficient grounds for disqualification because the policy personally affects the petitioner and places him in fear that he will not receive a fair sentencing hearing.
Id. at 177.
Respondent cites State ex rel. Shelton v. Sepe, 254 So.2d 12 (Fla. 3d DCA 1971), where the trial judge made a public pronouncement of a policy regarding sentencing *364 persons convicted of selling drugs. The Third District held that the defendant's motion for disqualification was not well-founded since, at the time the judge made the statement, "the policy stated by the judge, that is, to confine defendants convicted of such offenses, was in conformity to the law which then so provided." Id. at 13. We find Sepe distinguishable from the instant case because Judge Goldstein's comments here did not conform to any mandatory sentencing requirements, but expressed his own sentencing preferences and policies. Nevertheless, Sepe is significant in that the court cautioned that
A public pronouncement by a judge of his attitude regarding certain offenses for which persons will be tried before him and of a policy to be pursued by him regarding sentencing therefor is, at the least, ill advised. When a public statement so made is such as to indicate bias of the judge it can operate to disqualify him from hearing those matters, and could impair his usefulness proportionately.
Id.
Likewise, we find the instant case readily distinguishable from the other cases cited by respondent where the courts found that the motions for disqualification were not legally sufficient. See, e.g., Arbelaez v. State, 775 So.2d 909, 916 (Fla.2000)(finding that judge's "tough-oncrime" stance during her election campaign did not require disqualification); State ex rel. Sagonias v. Bird, 67 So.2d 678 (Fla.1953)(finding that judge's personal opinion concerning enforcement of the state lottery law did not disqualify the judge from hearing such cases); Jernigan v. State, 608 So.2d 569, 570 (Fla. 1st DCA 1992)(finding that factually unsupported "theory" that the judge was prejudiced against all child abusers was not sufficient to support disqualification). Respondent also cites Eason v. Colbath, 586 So.2d 78 (Fla. 4th DCA 1991), where this court affirmed the denial of the motion for disqualification, finding that the comments in question were legally insufficient because they were merely generalized and not directed to any single defendant appearing before the judge. The remarks apparently concerned the trial judge's intention to impose enhanced sentences under the habitual offender statutes, but the precise nature of the statements was not described.
We believe that the comments made by Judge Goldstein here make this case virtually indistinguishable from Hayes and Torres. Taken in context, as the statements appeared in the article, the judge's remarks could reasonably be interpreted as announcing a fixed intention to have probation invariably follow any jail or prison sentence that he would impose. At the very least, as the result of the trial judge's comments, Martin could reasonably fear that any argument that probation following a term of incarceration was unnecessary in his individual case would first have to overcome the judge's presumption to the contrary. The fact that the judge may have deviated from this pronouncement in a few recent cases does not erase the statements made or their implications for the defendant. We conclude that prohibition should be granted because petitioner has demonstrated that his motion to disqualify was legally sufficient.
Additionally, Judge Goldstein investigated prior sentences he imposed and offered them to refute the allegations in the motion to disqualify that he had a uniform policy of imposing probation as part of his criminal sentences. In doing so, Judge Goldstein placed himself in an adversarial role, which itself requires disqualification. See, e.g., MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d *365 1332, 1339 (Fla.1990)(holding that disqualification required where judge went beyond determination of legal sufficiency and passed upon truth of facts alleged in support of motion); Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978)(finding judge's attempt to refute charges of partiality alone suffices to disqualify).
Accordingly, the writ of prohibition is granted. On remand, a new judge shall be assigned to hear further proceedings in this matter.[2]
FARMER and HAZOURI, JJ., concur.
NOTES
[1] A copy of the article was attached to the motion. See Robert Wiener, Feud Between Lawyer and Judge is Good for Clients, lexisONE, at ht tp://www.lexisone.com/news/nlibrary/b030101d.html (Mar. 1, 2001).
[2] Additionally, the record does not support the trial court's finding that the motion for disqualification was not made "in good faith" as required by Florida Rule of Judicial Administration 2.160(c).