PER CURIAM.
The petitioners seek a writ of prohibition ordering the Honorable Eleanor Schockett to disqualify herself from presiding over the case below. As this Court stated in a previous case involving petitioner’s counsel and Judge Eleanor Schockett, disqualification of a trial judge is appropriate where the petitioner asserts that he. cannot receive a fair trial or hearing because his counsel was an opponent in the judge’s reelection campaign. Tower Group, Inc. v. Doral Enterprises Joint Ventures, 760 So.2d 256, 257 (Fla. 3d DCA 2000). Furthermore, we must reiterate that:
[Under certain circumstances], we believe that the trial judge may have had an obligation to sua sponte recuse herself from this cause pursuant to Canon 3(E)(1)(a), Code of Judicial Conduct; that canon requires that:
(1) A.judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party’s lawyer, or personal knowledge of disputed evidentiary facts concerning the proceedings^]
Tower, 760 So.2d at 257.
Accordingly, we grant the petition, quash the order under review, and remand for entry of an order disqualifying the trial judge from this proceeding.