STONE, J.
We reverse Tyler’s sentence and remand for re-sentencing by a successor judge.
Tyler was convicted on one count of possession of cocaine. At the sentencing hearing, defense counsel made an oral motion to recuse based on comments that the trial court judge made in an online news article. In the article, the judge was quoted as saying, “[m]y feeling is, if I’m going to sentence someone to state prison or county jail it should always be followed by probation.” Martin v. State, 804 So.2d 360, 362 (Fla. 4th DCA 2001). When the court indicated that such a motion must be in writing, defense counsel asked for time to file a written motion. The court denied the request and sentenced him to a five year prison term.
Subsequently, Tyler filed the motion to recuse in -writing. The court denied the motion, finding that it was legally insufficient. The court also denied a motion to correct sentence, which was based on the motion to disqualify.
Denial of a motion for continuance for the purpose of filing a written motion to recuse is an abuse of discretion. See Reynolds v. State, 568 So.2d 76, 78 (Fla. 1st DCA 1990)(holding it was error for trial court not to grant a continuance when appellant moved in open court to disqualify judge, or in the alternative, for a continuance to file a proper motion). Clearly, an oral motion is insufficient. Migliore v. Migliore, 792 So.2d 1276, 1277 (Fla. 4th DCA 2001). However, where, as here, counsel states a legally sufficient ground to support a motion to disqualify, then the court should grant a reasonable continuance so that counsel may file a motion in compliance with the rules. See Reynolds, 568 So.2d at 78.
This case is governed by our previous decision in Martin. In Martin, the appellant sought the disqualification of this trial court judge based on the same remarks from the same news article that form the basis of the motion here. There, this court held that the quoted remarks would place a reasonably prudent person in fear of not receiving a fair and impartial hearing. Id. *757 at 364. Therefore, Tyler’s motion was based on legally sufficient grounds.
We reject the state’s argument that harmless error principles apply after taking into consideration the actual sentence imposed by the trial court. At the time the motion was made, the sentence was not yet imposed and, thus, Tyler could reasonably be in fear of not receiving a fair sentencing hearing. See Roy v. Roy, 687 So.2d 956, 956 (Fla. 5th DCA 1997)(holding that where perception of bias arose during the hearing, then it was proper for counsel to move for disqualification at the hearing and then to later reduce motion to writing to be in compliance with rule). Further, the fact that the written motion was not made until after the ruling on the merits does not mean that error in denying the continuance was harmless. The only reason that Tyler had already been sentenced was that the trial court erroneously failed to grant the continuance so a legally correct motion could be filed before sentencing.
Accordingly, we reverse Tyler’s sentence. On remand, a new judge shall be assigned for re-sentencing.
POLEN, C.J., and GROSS, J., concur.