PER CURIAM.
Petitioners Lawrence R. Metsch and Daniel L. Metsch seek a writ of prohibition to prevent the trial court judge from presiding over the case subsequent to the judge’s appointment to serve as a referee in a disciplinary action before the Florida Bar and filed against respondent Pamela Traeger’s counsel below. We deny the petition. Canon 3(E)(1), Florida Code of Judicial Conduct, requires that a judge disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned. See Tower Group, Inc. v. Doral Enters. Joint Ventures, 760 So.2d 256 (Fla. 3d DCA 2000) (disqualification appropriate where attorney had been the trial judge’s opponent in acrimonious re-election campaign); Town Centre of Islamorada, Inc. v. Overby, 592 So.2d 774 (Fla. 3d DCA 1992) (extrajudicial dispute between counsel and the trial judge warranted disqualification). Generally, the trial court judge’s duties as a referee in a disciplinary action filed against an attorney would be insufficient grounds for disqualification unless it can be shown that “the judge has a personal bias or prejudice concerning a party or a party’s lawyer[.]” Fla.Code Jud. Conduct, Canon 3E(1)(a). See 5-H Corp. v. Padovano, 708 So.2d 244, 248 (Fla.1997). This case is further removed because it is respondent’s counsel, not the petitioners’ counsel, who has the pending disciplinary proceeding.
We therefore deny the petition.