861 So.2d 90 (2003)
Alan SIEGEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D03-3218.
District Court of Appeal of Florida, Fourth District.
December 3, 2003.
*91 Paul A. Calli and Stephen J. Bronis of Zuckerman Spaeder LLP, Miami, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner seeks a writ of prohibition disqualifying the trial judge, Cheryl J. Alemán, from presiding over his criminal case based on his belief that the judge harbors personal bias or prejudice toward his lawyers, which will adversely affect his ability to receive a fair and impartial trial. For the reasons stated below, we grant the petition.
In his motion to disqualify, petitioner gave a detailed account of an acrimonious dispute between Judge Alemán and his attorneys, which occurred before the judge's appointment to the bench. On November 28, 2001, when Cheryl Alemán was a statewide prosecutor, petitioner's attorneys filed a complaint with the Florida Bar against her, alleging misconduct during her investigation and prosecution of a client. Specifically, his attorneys alleged that Alemán had violated the Florida Bar's rule prohibiting a lawyer from communicating with a represented individual by interviewing their client without notifying them of the interview, despite knowing that he was represented by counsel. Petitioner's attorneys additionally alleged that Alemán knowingly offered false testimony from a witness.
On November 29, 2001, around the same time when Alemán was being considered for appointment to the Broward circuit bench, petitioner's attorneys contacted the Governor's office to inform the Governor of the pending bar complaint and express their personal belief that Alemán was unfit to serve as a judge. Shortly thereafter, Alemán filed a lengthy response to the bar complaint, denying the attorneys' allegations and denouncing the timing of the complaint on the eve of the expected announcement of judicial appointments. She accused the attorneys of making untrue statements, under penalty of perjury, and concluded her remarks with a quotation by French poet and essayist Charles Peguy:
*92 "He who does not bellow the truth when he knows the truth makes himself the accomplice of liars and forgers."
Based on the above, petitioner filed a motion in his pending prosecution to disqualify Judge Alemán, pursuant to rule 2.160(d)(1) of the Florida Rules of Judicial Administration and section 38.10, Florida Statutes. Judge Alemán denied the motion as legally insufficient.
Prohibition lies to review trial court orders denying motions to disqualify trial judges. Martin v. State, 804 So.2d 360 (Fla. 4th DCA 2001)(citing MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990) and Bundy v. Rudd, 366 So.2d 440 (Fla.1978)). As we explained in Hayes v. State, 686 So.2d 694, 695 (Fla. 4th DCA 1996), "[o]ur task on appeal is to determine the legal sufficiency of the motion based on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." The facts alleged in the motion need only show a well-grounded fear that the movant will not receive a fair trial. See MacKenzie, 565 So.2d at 1334. In determining whether the allegations are sufficient, the facts alleged must be taken as true and must be viewed from the movant's perspective. Id. The inquiry focuses on whether the defendant may reasonably question a judge's impartiality rather than whether the judge perceives she is able to act fairly and impartially. See Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983). "Disqualification is ordinarily required in any situation where the facts are reasonably sufficient to create a well-founded fear in the mind of the moving party that he will not receive a fair trial." Martin, 804 So.2d at 362-363 (citing Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986)).
Personal bias or prejudice concerning a party or a party's lawyer may result in disqualification of a trial judge. See 5-H Corporation v. Padovano, 708 So.2d 244, 248 (Fla.1998). In 5-H Corporation, the supreme court clarified that neither a judge's mere reporting of perceived attorney unprofessionalism to the Florida Bar nor an attorney's reporting of perceived judicial unprofessionalism to the Judicial Qualifications Commission, in and of itself, is legally sufficient to support judicial disqualification. The court noted, however, that "disqualification remains available where it can be shown that `the judge has a personal bias or prejudice concerning a party or a party's lawyer.'" Id. at 248 (citing Fla.Code Jud. Conduct Canon 3E(1)(a)). The court further explained that this showing of personal bias must contain an actual factual foundation for the alleged fear of prejudice. Id. (citing Fischer v. Knuck, 497 So.2d 240, 242 (Fla. 1986)).
Petitioner asserts that his basis for disqualification is not merely that his attorneys filed a bar complaint against the trial judge when she was a prosecutor, but that the extrajudicial dispute deteriorated into personal attacks by the judge against his attorneys. He fears that her personal animosity toward them was further fueled by their efforts to prevent the judge's appointment to the bench.
We believe the grounds for disqualification in this case are analogous to those in Brewton v. Kelly, 166 So.2d 834 (Fla. 2d DCA 1964). There, the defendants on trial for election violations filed a suggestion of disqualification, alleging that partners of counsel for the defendants had signed a petition which resulted in the House of Representatives' adoption of a bill of impeachment against the presiding judge. One of the partners had testified at the impeachment trial before the Senate and assisted in the preparation and prosecution of the charges. Further, counsel for the plaintiff had appeared and was an attorney of record for the judge at the impeachment trial. The second district held that the *93 affidavits were legally sufficient to require the judge to disqualify himself because "such facts would prompt a reasonable, prudent person to fear that he would not receive a fair trial under the circumstances set forth therein."
Similarly, in this case, the disqualification motion contains factual circumstances which would prompt a reasonable, prudent person to fear personal prejudice and believe that he would not receive a fair and impartial trial. The sworn allegations involve matters that go beyond the mere reporting of unprofessionalism to the Florida Bar or the Judicial Qualifications Commission. They refer to responses of the trial judge (while a prosecutor) essentially characterizing petitioner's attorneys as liars. Further, the motion relates his attorneys' communication with the Governor concerning their belief that she was unfit for appointment to the circuit bench. This conduct amounts to more than simply campaigning for an opposing judicial candidate. See The Tower Group v. Doral Enter. Joint Ventures, 760 So.2d 256 (Fla. 3d DCA 2000)(holding that disqualification of the trial judge was warranted where the movant's attorney had been a re-election opponent of the trial judge in an acrimonious judicial campaign).
Because the circumstances alleged by petitioner combine to create a reasonable fear on his part of not receiving a fair hearing or trial, we grant the petition to prohibit Judge Alemán from proceeding any further in this cause and direct the chief judge of the Seventeenth Judicial Circuit to assign another judge to preside over the proceedings against petitioner.
WARNER, TAYLOR and MAY, JJ., concur.