PER CURIAM.
We find no error in the failure of the trial court to hold a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971), because the record demonstrates that the state furnished the ballistics reports at issue to the defense prior to trial, so there was no discovery violation.
We also reject appellant’s argument that reversal is required due to the trial court’s denial of an ore tenus motion for disqualification.[1] The law is well-set- *630 tied that a motion for disqualification must be made in writing, and a request that is only made orally is legally insufficient. See Fla. R. Jud. Admin. 2.160(e) (“Any motion for disqualification made during a hearing or trial must be based on facts discovered during the hearing or trial and may be stated on the record, provided that it is also promptly reduced to writing in compliance with subdivision (c) and promptly filed.”); Migliore v. Migliore, 792 So.2d 1276, 1277 (Fla. 4th DCA 2001) (noting that writing requirement is mandatory). After the trial court denied the motion for disqualification, defense counsel did not ask the trial court for a continuance to be able to file a written motion. See Tyler v. State, 816 So.2d 755, 756 (Fla. 4th DCA 2002).
Affirmed.
STEVENSON, SHAHOOD and GROSS, JJ., concur.

. Although defense counsel asked the court to recuse itself, he actually made a motion for disqualification. Recusal is the process by which a trial court voluntarily removes itself, while disqualification is the process by which a party seeks to remove a judge from the case. *630 See Sume v. State, 773 So.2d 600, 601-02 (Fla. 1st DCA 2000).